

Ross Tower
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659
Main 214.855.7500
Fax 214.855.7584
munsch.com

Direct Dial 214.855.7587
Direct Fax 214.978.5359
drukavina@munsch.com

February 24, 2021

The Honorable Stacey G.C. Jernigan
U.S. Bankruptcy Court
Earle Cabell Federal Building
1100 Commerce St., Rm. 1254
Dallas, TX 75242-1496

  Re: *Adversary Proceeding No. 21-03010-sgj-11; Highland Capital Management v. NexPoint Advisors, LP*

Dear Judge Jernigan:

  I am informed that the Debtor has uploaded a proposed order on yesterday's mandatory injunction hearing, the form of which the Debtor shared with me beforehand and the form of which the Advisors do not agree to (and a copy of which is attached).[1]  I respectfully remind the Court that the only matter heard yesterday was the mandatory injunction hearing, which was denied as moot.  What was heard yesterday was not any of the Debtor's requests for declaratory relief, on which I strongly believe discovery will be needed.   I also reassert the Advisors' jurisdictional objections and their argument that the Court lacks core jurisdiction.

  I have ordered the transcript and I intend to upload a competing proposed order as soon as I can after reading the transcript, which I believe will be tonight or tomorrow morning.  In the meantime, the Advisors object to the Debtor's proposed order for the following reasons:

  i. The Court found that it had "related to" jurisdiction.  I do not recall the Court finding that it had core jurisdiction, which would not be the case for "related to" jurisdiction.

  ii. The Advisors object to paragraphs: 1, 2, 3, 4, 5, 6, 7 with respect to any actual or implied finding that the Debtor acted properly or that the contracts were properly terminated.  Those matters are raised in Count 1 of the Debtor's complaint, which was not tried yesterday and on which the Advisors have not had a meaningful opportunity to take discovery.

  iii. The Advisors object to paragraph 11 with respect to the Advisors being required to pay for copying.  I do not recall the Court finding that yesterday, it was not the subject of the hearing yesterday, it has not been requested by the Debtor in its motion heard yesterday, and is not provided for in the underlying agreements.  Those agreements require the Debtor to return all property and data, implying that the Debtor bears those costs.  If there

---

[1] The attached draft does not include a conclusion that the motion is denied as moot.  Debtor's counsel subsequently stated that such a provision would be added.

    is some uncertainty, then this issue should not be decided now and should be reserved for trial.

 iv. The Advisors object to paragraph 12 providing that the Debtor will have no obligation to provide data after February 28, 2021. I do not recall the Court finding that yesterday, it was not in the Debtor's motion, it was not the subject of yesterday's hearing, and there is no such limitation in the underlying contracts. Applicable law may impose other obligations as well.

 v. The Advisors object to paragraph 13 regarding not being required to incur any material time, cost, or expense, for the same reasons as above.

 vi. The Advisors object to paragraph 14 with respect to costs, for the same reasons as above.

 vii. The Advisors object to paragraph 15. That was not raised anywhere in this Adversary Proceeding, was not the subject of the motion or the hearing, and I do not recall the Court making any such finding.

 viii. The Advisors object to paragraph 17 with respect to the Court retaining exclusive jurisdiction, for the reasons stated in my objection.

    Sincerely,

    /s/ Davor Rukavina
    Davor Rukavina, Esq.

DR:

cc: John Morris, Esq.
  Gregory V. Demo, Esq.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: <br><br> HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] <br><br> Debtor. | § § § § § § § | Chapter 11 <br><br> Case No. 19-34054-sgj11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., <br><br> Plaintiff, <br><br> vs. <br><br> HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., AND NEXPOINT ADVISORS, L.P., <br><br> Defendants. | § § § § § § § § § § § § | Adversary Proceeding No. <br><br> Case No. 21-03010-sgj11 |

**<u>ORDER</u>**

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

This matter having come before the Court on the *Emergency Motion for a Mandatory Injunction Requiring the Advisors to Adopt and Implement a Plan for the Transition of Services by February 28, 2021* [Docket No. 2] (the "Motion")[2] filed by Highland Capital Management, L.P., the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Bankruptcy Case"), and the plaintiff in the above-captioned adversary proceeding, and this Court having considered (i) the Motion; (ii) *Plaintiff Highland Capital Management, L.P.'s Verified Original Complaint for Damages and for Declaratory and Injunctive Relief* [Docket No. 1] (the "Complaint"); (iii) the arguments and law cited in the Debtor's *Memorandum of Law in Support of its Motion for a Mandatory Injunction Requiring the Advisors to Adopt and Implement a Plan for the Transition of Services by February 28, 2021* [Docket No. 3] (the "Memorandum of Law," and together with the Motion and Complaint, the "Debtor's Papers"); (iv) the *Objection to Mandatory Injunction and Brief in Support Thereof* [Docket No. 20] (the "Objection"), filed on February 22, 2021, by the Advisors; (v) the testimonial and documentary evidence admitted into evidence during the hearing held on February 23, 2021 (the "Hearing"), including the credibility of witnesses Mr. James P. Seery, Jr., Mr. James Dondero, and Mr. Dustin Norris; and (vi) the arguments made during the Hearing; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate and that no other notice need be provided; and upon all of the proceedings had before this Court, the legal and factual bases set forth in the Debtor's Papers, and the evidence submitted

---

[2] Capitalized terms used but not herein defined shall have the meanings ascribed to such terms in the Motion.

at the Hearing; and after due deliberation and sufficient cause appearing therefor, and for the reasons set forth in the record on this Motion, the Court makes the following findings of fact:

1. Each of the Advisors is controlled by Mr. Dondero.

2. The Debtor had the contractual right to terminate the HCMFA Shared Services Agreement on 60 days' written notice.

3. The Debtor properly exercised its right to terminate the HCMFA Shared Services Agreement by providing at least 60 days' written notice.

4. The HCMFA Shared Services Agreement and the Debtor's obligation to provide services to HCMFA under the HCMFA Shared Services Agreement terminated on February 19, 2021.

5. The Debtor had the contractual right to terminate the NPA Shared Services Agreement on 30 days' written notice.

6. The Debtor properly exercised its right to terminate the NPA Shared Services Agreement by providing at least 30 days' written notice.

7. The NPA Shared Services Agreement and the Debtor's obligation to provide services to NPA under the NPA Shared Services Agreement terminated on February 19, 2021.

8. Except as expressly set forth herein, effective as of February 19, 2021, the Debtor has no obligation to provide any services, software, or assistance to any of HCMFA, NPA, the Funds, or any servicer or personnel retained by any of HMCFA, NPA, or the Funds.

9. As of February 20, 2021, each of HCMFA and NPA had adopted an operating plan to obtain or provide all services previously provided by the Debtor that are necessary to fully perform under their agreements with the Funds without the aid or assistance of the Debtor.

DOCS_NY:42406.7 36027/002

10. Except as expressly set forth herein, as of February 20, 2021, neither HCMFA nor NPA needs any services, including contractual arrangements and software, previously provided by the Debtor or its employees under the Shared Services Agreements that are necessary to fully perform under their agreements with the Funds.

11. On or prior to February 28, 2021, the Advisors will promptly provide the Debtor with written notice of the documents, data, and books and records (collectively, the "Data") that the Advisors' believe constitute their property. If the Debtor in reasonable good faith determines such Data is the Advisors' property, the Debtor will take reasonable efforts to provide the Advisors with a copy of such Data. The cost of copying the Data will be at the sole cost and expense of the Advisors. Under no circumstances will the Debtor be required to erase or otherwise remove any Data from the Debtor's systems. For the avoidance of doubt, the Debtor will have no obligation to provide any Data that constitutes the Debtor's privileged, confidential, or proprietary information.

12. Subject to paragraph 14, the Debtor will have no obligation to provide any Data to the Advisors after February 28, 2021. If the Debtor in reasonable good faith cannot satisfy any request for Data made pursuant to paragraph 11 by the close of business on February 28, 2021, the Debtor will have no further obligation to provide such Data.

13. The Debtor will not be required to incur any material time, cost, or expense in furtherance of its obligations set forth in paragraph 11. To the extent any requests require material time, cost, or expense, the Debtor may petition this Court for the payment of any fees, costs, or expenses incurred in connection with the fulfillment of its obligations under paragraph 11 (including the cost of such petition) and shall have no obligation to provide such Data until the Court has ruled on such petition.

5

14. If the Debtor cannot in reasonable good faith provide requested Data by February 28, 2021, or if the Advisors request any Data after February 28, 2021, and in each case if the parties cannot agree on the propriety of such request after conferring in good faith, the Advisors may petition this Court for access to such Data. Regardless, the Advisors will bear any and all costs associated with any requests for Data and the delivery of such Data under this paragraph.

15. The Debtor may terminate any contracts or agreements between the Debtor and any third-party service providers in the Debtor's sole and absolute discretion.

16. Notwithstanding anything herein to the contrary, the delivery of Data to the Advisors will not constitute a waiver of any privileges, including attorney-client privilege, or any confidentiality requirements.

17. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

### End of Order ###