

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 24, 2021**

_____

**United States Bankruptcy Judge**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § § § | Case No. 19-34054-sgj11 |
| Debtor. | § § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | |
| Plaintiff, | § § | Adversary Proceeding No. |
| vs. | § § § | Case No. 21-03010-sgj11 |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., AND NEXPOINT ADVISORS, L.P., | § § § § | |
| Defendants. | § | |

## **ORDER**

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

This matter having come before the Court on the *Emergency Motion for a Mandatory Injunction Requiring the Advisors to Adopt and Implement a Plan for the Transition of Services by February 28, 2021* [Docket No. 2] (the "Motion")[2] filed by Highland Capital Management, L.P., the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Bankruptcy Case"), and the plaintiff in the above-captioned adversary proceeding, and this Court having considered (i) the Motion; (ii) *Plaintiff Highland Capital Management, L.P.'s Verified Original Complaint for Damages and for Declaratory and Injunctive Relief* [Docket No. 1] (the "Complaint"); (iii) the arguments and law cited in the Debtor's *Memorandum of Law in Support of its Motion for a Mandatory Injunction Requiring the Advisors to Adopt and Implement a Plan for the Transition of Services by February 28, 2021* [Docket No. 3] (the "Memorandum of Law," and together with the Motion and Complaint, the "Debtor's Papers"); (iv) the *Objection to Mandatory Injunction and Brief in Support Thereof* [Docket No. 20] (the "Objection"), filed on February 22, 2021, by the Advisors; (v) the testimonial and documentary evidence admitted into evidence during the hearing held on February 23, 2021 (the "Hearing"), including the credibility of witnesses Mr. James P. Seery, Jr., Mr. James Dondero, and Mr. Dustin Norris; and (vi) the arguments made during the Hearing; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding[3] pursuant to 28 U.S.C. § 157(b)(2);

---

[2] Capitalized terms used but not herein defined shall have the meanings ascribed to such terms in the Motion.

[3] **The court orally stated at the hearing that, at a minimum, there is bankruptcy subject matter jurisdiction in this action, since: (a) there is a conceivable effect on the bankruptcy estate being administered (i.e., the pre-confirmation test for bankruptcy subject matter jurisdiction), since there is a risk of potential liability or regulatory actions being pursued against the estate, if the Debtor does not obtain relief in this action, and, also (b) the outcome of this action could bear on the interpretation, implementation, and execution of a confirmed plan (i.e., the post-confirmation test for bankruptcy subject matter jurisdiction). The court also concluded, upon further analysis, that the action should be deemed to present a "core" matter, with regard to which the bankruptcy court may issue final orders and exercise Constitutional authority, since, among other things, the relief sought is, in essence, supplemental to the confirmation order and in furtherance of implementation of the confirmed plan. *See* 11 U.S.C. § 1142(b). In all events, should this order ever be subject to an appeal, and the District Court concludes that "noncore" matters are involved, the bankruptcy**

and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate and that no other notice need be provided; and upon all of the proceedings had before this Court, the legal and factual bases set forth in the Debtor's Papers, and the evidence submitted at the Hearing; and after due deliberation and sufficient cause appearing therefor, and for the reasons set forth in the record on this Motion, the Court makes the following findings of fact:

1. Each of the Advisors is controlled by Mr. Dondero.

2. The Debtor had the contractual right to terminate the HCMFA Shared Services Agreement on 60 days' written notice.

3. The Debtor properly exercised its right to terminate the HCMFA Shared Services Agreement by providing at least 60 days' written notice.

4. The HCMFA Shared Services Agreement and the Debtor's obligation to provide services to HCMFA under the HCMFA Shared Services Agreement terminated on February 19, 2021.

5. The Debtor had the contractual right to terminate the NPA Shared Services Agreement on 30 days' written notice.

6. The Debtor properly exercised its right to terminate the NPA Shared Services Agreement by providing at least 30 days' written notice.

7. The NPA Shared Services Agreement and the Debtor's obligation to provide services to NPA under the NPA Shared Services Agreement terminated on February 19, 2021.

---

court requests that the District Court regard this ruling as a *proposed* set of findings, conclusions and order from the bankruptcy court and that the District Court adopt this ruling, pursuant to 28 U.S.C. § 157(c)(1).

3

8.  Except as expressly set forth herein, effective as of February 19, 2021, the Debtor has no obligation to provide any services, software, or assistance to any of HCMFA, NPA, the Funds, or any servicer or personnel retained by any of HMCFA, NPA, or the Funds.

9.  As of February 20, 2021, each of HCMFA and NPA had adopted an operating plan to obtain or provide all services previously provided by the Debtor that are necessary to fully perform under their agreements with the Funds without the aid or assistance of the Debtor.

10. Except as expressly set forth herein, as of February 20, 2021, neither HCMFA nor NPA needs any services, including contractual arrangements and software, previously provided by the Debtor or its employees under the Shared Services Agreements that are necessary to fully perform under their agreements with the Funds.

11. On or prior to February 28, 2021, the Advisors will promptly provide the Debtor with written notice of the documents, data, and books and records (collectively, the "Data") that the Advisors' believe constitute their property. If the Debtor in reasonable good faith determines such Data is the Advisors' property, the Debtor will take reasonable efforts to provide the Advisors with a copy of such Data. **Subject to paragraph 13 below, on and prior to February 28, 2021, each party will bear its own costs and expenses associated with the copying of the Data**. Under no circumstances will the Debtor be required to erase or otherwise remove any Data from the Debtor's systems. For the avoidance of doubt, the Debtor will have no obligation to provide any Data that constitutes the Debtor's privileged, confidential, or proprietary information.

12. Subject to paragraph 14, the Debtor will have no obligation to provide any Data to the Advisors after February 28, 2021. If the Debtor in reasonable good faith cannot satisfy any request for Data made pursuant to paragraph 11 by the close of business on February 28, 2021, the Debtor will have no further obligation to provide such Data.

13. The Debtor will not be required to incur any *material* time, cost, or expense in furtherance of its obligations set forth in paragraph 11—**the Advisors' witness having represented to the court that the copying and/or transfer of the Data would be fairly easy to achieve and that the Advisors stood by ready to receive the Data**. To the extent any requests require material time, cost, or expense, the Debtor may petition this Court for the payment of any fees, costs, or expenses incurred in connection with the fulfillment of its obligations under paragraph 11 (including the cost of such petition) and shall have no obligation to provide such Data until the Court has ruled on such petition.

14. If the Debtor cannot in reasonable good faith provide requested Data by February 28, 2021, or if the Advisors request any Data after February 28, 2021, and in each case if the parties cannot agree on the propriety of such request after conferring in good faith, the Advisors may petition this Court for access to such Data. Regardless, the Advisors will bear any and all costs associated with any requests for Data and the delivery of such Data under this paragraph.

15. Notwithstanding anything herein to the contrary, the delivery of Data to the Advisors will not constitute a waiver of any privileges, including attorney-client privilege, or any confidentiality requirements.

16. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

17. Based on the foregoing, the Motion is dismissed as moot.

### End of Order ###

DOCS_NY:42406.7 36027/002