Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
MUNSCH HARDT KOPF & HARR, P.C.
3800 Ross Tower
500 N. Akard Street
Dallas, TX 75202-2790
Telephone: (214) 855-7500
Facsimile:  (214) 978-4375

ATTORNEYS FOR THE DEFENDANTS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | ) | Case No. 19-34054 (SGJ11) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| | ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 21-03010 (SGJ11) |
| | ) | |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., AND NEXPOINT ADVISORS, L.P., | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORIGINAL ANSWER**

TO THE HONORABLE STACEY G.C. JERNIGAN, U.S. BANKRUPTCY JUDGE:

COME NOW NexPoint Advisors, L.P. ("NexPoint") and Highland Capital Management

Fund Advisors, L.P. ("HCMFA", and together with NexPoint, the "Defendants"), the defendants

in the above styled and numbered adversary proceeding (the "Adversary Proceeding"), and file

this their *Original Answer* (the "Answer"), responding to the *Plaintiff Highland Capital Management, L.P.'s Verified Original Complaint for Damages and for Declaratory and Injunctive Relief* (the "Complaint"), filed by Highland Capital Management, L.P. (the "Debtor"). Except where an allegation in the Complaint is expressly admitted, all allegations in the Complaint are denied.

## I.      ANSWER

1.      Admitted.

2.      The Defendants admit the first sentence of paragraph 2 of the Complaint and deny the second sentence thereof.

3.      Admitted.

4.      Admitted.

5.      The Defendants admit paragraph 5 of Complaint, except that they deny the allegation of more than $3 million in arrears under the Shared Services Agreements.

6.      Denied.

7.      The Defendants admit the second and third sentences of paragraph 7 of the Complaint, and they deny the balance of said paragraph.

8.      Denied.

9.      Denied.

10.      The Defendants admit that the Court has jurisdiction over the collection claim in the Complaint, but not the other relief requested. The Defendants deny that the Court's jurisdiction is core, and they do not consent to the Court's entry of final judgment.

11.      Admitted.

12.      Paragraph 12 contains legal conclusions or statements to which no response is required.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. The Defendants have no knowledge about the Debtor considering strategic options, and therefore deny that allegation, but otherwise admit the balance of paragraph 33 of the Complaint.

34. Denied.

35.    The Defendants have no knowledge of the Debtor's formulation of a transition plan and therefore they deny paragraph 35 of the Complaint.

36.    Denied.

37.    Admitted.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

44.    Other than word "thus," which implications are denied, the Defendants admit paragraph 44 of the Complaint.

45.    Other than admitting ongoing negotiations during the two week period, the Defendants deny paragraph 45 of the Complaint.

46.    Other than admitting that the Debtor contacted the Funds' boards, the Defendants deny paragraph 46 of the Complaint.

47.    Admitted.

48.    Denied.

49.    Other than admitting the fact of the extension, the Defendants deny paragraph 49 of the Complaint.

50.    Other than admitting the fact of the term sheet and the Defendants' rejection thereof, the Defendants deny the allegations contained in paragraph 50 of the Complaint.

51.    Denied.

52.    The Defendants repeat and reurge their answers above.

53. Denied.

54. Denied.

55. Admitted.

56. The Defendants repeat and reurge their answers above.

57. Admitted, prior to their termination.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. The Defendants repeat and reurge their answers above.

63. The Defendants deny the Debtor is entitled to any injunction.

64. Admitted.

65. Admitted.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

## II.    AFFIRMATIVE DEFENSES

71.    With respect to the amounts allegedly owing by the Defendants under the Shared Services Agreements, most if not all of those amounts are not properly chargeable by the Debtor or payable by the Defendants because the Debtor failed to provide the services, or have the employees, the subject of such charges. The Debtor has charged/overcharged the Defendants for non-existing services and employees.

72. The Debtor has failed to state a claim upon which relief can be given with respect to declaratory relief or injunctive relief.

### III. ARBITRATION

73. The Shared Services Agreement between the Debtor and HCMFA contains an arbitration provision requiring arbitration of any "unresolved legal dispute." HCMFA accordingly demands arbitration of all disputes raised in the Complaint against it.

### IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, the Defendants respectfully request that the Court enter judgment as follows:

(i)     denying all relief requested in the Complaint;

(ii)    awarding the Defendants their reasonable attorney's fees and expenses incurred herein, including under section 38.001 of the Texas Civil Practice and Remedies Code;

(iii)   awarding prejudgment and postjudgment interest as provided for by law;

(v)     with respect to HCMFA, mandating that the Debtor's claims be arbitrated; and

(v)     granting the Defendants such other and further relief as may be appropriate.

RESPECTFULLY SUBMITTED this 22d day of March, 2021.

**MUNSCH HARDT KOPF & HARR, P.C.**

/s/ *Davor  Rukavina*

    Davor Rukavina, Esq.
    Texas Bar No. 24030781
    Julian P. Vasek, Esq.
    Texas Bar No. 24070790
    3800 Ross Tower
    500 N. Akard Street
    Dallas, Texas  75202-2790
    Telephone: (214) 855-7500
    Facsimile: (214) 978-4375

**ATTORNEYS FOR THE DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on March 22, 2021, a true and correct copy of this document was served electronically by the Court's CM/ECF system on all parties entitled to such notice, including counsel for the Debtor.

/s/ *Davor  Rukavina*
Davor Rukavina, Esq.