

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 5, 2021**

_____
United States Bankruptcy Judge

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Plaintiff,<br><br>vs.<br><br>HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., AND NEXPOINT ADVISORS, L.P.,<br><br>Defendants. | Adversary Proceeding<br><br>Case No. 21-03010-sgj |

### ORDER APPROVING STIPULATION (A) AMENDING SCHEDULING ORDER AND (B) CONSOLIDATING AND RESOLVING CERTAIN MATTERS

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

Upon consideration of the *Stipulation (A) Amending Scheduling Order and (B) Consolidating and Resolving Certain Matters* [A.P. Docket No. 36] (the "Stipulation")[2] filed in the above-captioned adversary proceeding (the "Adversary Proceeding"), it is **HEREBY ORDERED THAT:**

1. The Stipulation, a copy of which is attached hereto as **Exhibit A**, is approved.

2. The Debtor's Breach of Contract Claim shall be consolidated with the Advisors' Admin Claim for all purposes and shall be litigated and resolved pursuant to this Stipulation in the Adversary Proceeding, and the Court shall enter a final judgment on the Breach of Contract Claim and the Advisors' Admin Claim in the Adversary Proceeding.

3. The Debtor's Equitable Claims shall be deemed to be fully and finally resolved pursuant to the February Order.

4. Trial in the Adversary Proceeding (including on the Advisors' Admin Claim) is set for **December 7 and 8, 2021 at 9:30 a.m. (Central Time)**, which, unless the Court holds otherwise, shall be conducted live.

5. Requests for discovery shall be served on or before **August 6, 2021**, unless otherwise agreed in writing by the Parties.

6. Reponses and/or objections to discovery requests shall be served on or before **August 27, 2021**, unless otherwise agreed in writing by the Parties.

7. All responsive, non-privileged documents shall be produced on or before **September 10, 2021**, unless otherwise agreed in writing by the Parties.

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

8. Initial disclosures are waived, except for testifying experts, with respect to which such disclosures and report shall be served on or before **September 24, 2021**. Any rebuttal expert disclosure and report shall be served on or before **October 8, 2021**.

9. Depositions shall be scheduled and concluded on or before **October 18, 2021**, unless otherwise agreed in writing by the Parties.

10. Responses to the Objection ("Responses") shall be filed on or before **November 1, 2021**, unless otherwise agreed in writing by the Parties.

11. Replies to the Responses shall be filed on or before **November 15, 2021**, unless otherwise agreed in writing by the Parties.

12. Witness and exhibit lists and all referenced exhibits will be filed on the docket and served on or before **December 1, 2021**, unless otherwise agreed in writing by the Parties. Objections to exhibits, other than for relevance, shall be filed on or before **December 3, 2021**, or they shall be deemed waived.

13. A joint pretrial order in compliance with the Court's Local Rules shall be filed on or before **December 1, 2021**.

14. Any Party wishing to file a trial brief shall file and serve the same on or before **December 1, 2021**.

15. All deadlines set forth above are effective as of **5:00 p.m. (Central Time)** on each applicable date.

16. The Stipulation shall only be modified in a writing signed by the Parties or upon the entry of an order of the Court entered upon notice to the Parties.

17. The Court shall retain jurisdiction over all disputes arising out of or otherwise concerning the interpretation and enforcement of the Stipulation and this Order.

### END OF ORDER ###

# **<u>EXHIBIT A</u>**

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 266326) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward (TX Bar No. 24044908)
MHayward@HaywardFirm.com
Zachery Z. Annable (TX Bar No. 24053075)
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, TX 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

*Counsel for the Debtor and Debtor-in-Possession*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Plaintiff,<br><br>vs.<br><br>HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., AND NEXPOINT ADVISORS, L.P.,<br><br>Defendants. | Adversary Proceeding No.<br><br>Case No. 21-03010-sgj |

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

**STIPULATION (A) AMENDING SCHEDULING ORDER AND (B) CONSOLIDATING AND RESOLVING CERTAIN MATTERS**

This stipulation (the "Stipulation") is made and entered into by and between Highland Capital Management L.P. (the "Debtor"), on the one hand, and Highland Capital Management Fund Advisors, L.P. ("HCMFA") and NexPoint Advisors, L.P. ("NexPoint" and together with HCMFA, the "Advisors", and the Advisors together with the Debtor, the "Parties"), by and through their respective undersigned counsel, to (a) amend that certain *Agreed Scheduling Order with Respect to Debtor's Objection to Application for Administrative Claim of Highland Capital Management Fund Advisors, L.P. and NexPoint Advisors, L.P.* [Bankr. Docket No. 2345] (the "Scheduling Order") filed in the above-captioned chapter 11 bankruptcy case (the "Bankruptcy Case"); (b) consolidate for all purposes the litigation of the "Second Claim for Relief (Breach of Contract)" asserted by the Debtor against the Advisors in that certain *Complaint for Damages and Declaratory and Injunctive Relief* (the "Breach of Contract Claim", and together with the matters subject to the Scheduling Order, the "Litigated Matters") filed by the Debtor in the above-captioned adversary proceeding (the "Adversary Proceeding"); and (c) address the Debtor's remaining claims asserted in the Adversary Proceeding.

**RECITALS**

WHEREAS, on October 16, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court for the District of Delaware, Case No. 19-12239 (CSS) (the "Delaware Court");

WHEREAS, on December 4, 2019, the Delaware Court entered an order transferring venue of the Debtor's Bankruptcy Case to this Court [Bankr. Docket No. 186];

WHEREAS, the Debtor and NexPoint entered into that certain *Amended and Restated Shared Services Agreement* effective as of January 1, 2018 (the "NexPoint SSA");

WHEREAS, the Debtor and HCMFA entered into that certain *Second Amended and Restated Shared Services Agreement* effective as of February 8, 2013 (the "HCMFA SSA", and together with the NexPoint SSA, the "Shared Services Agreements");

WHEREAS, on January 24, 2021, the Advisors filed their *Application for Allowance of Administrative Claim* [Bankr. Docket No. 1826] (the "Advisors' Admin Claim") in the Bankruptcy Case concerning matters related to the Shared Services Agreements;

WHEREAS, on May 5, 2021, the Debtor filed its *Objection to Application for Administrative Claim of Highland Capital Management Fund Advisors, L.P. and NexPoint Advisors, L.P.* [Bankr. Docket No. 2345] (the "Objection");

WHEREAS, on May 21, 2021, the Court entered the Scheduling Order with respect to the Advisors' Admin Claim and the Debtor's Objection thereto;

WHEREAS, on February 17, 2021, the Debtor commenced the Adversary Proceeding in which it (i) asserted the Breach of Contract claim for damages arising from the Advisors' alleged breach of the Shared Services Agreements, and (ii) sought declaratory and injunctive relief (the "Equitable Relief");

WHEREAS, on February 24, 2021, following an evidentiary hearing, the Court entered an *Order* resolving the Debtor's claims for Equitable Relief asserted in the Adversary Proceeding [A.P. Docket No. 25] (the "February Order");

WHEREAS, on March 22, 2021, the Advisors filed their *Original Answer* in the Adversary Proceeding [A.P. Docket No. 33];

WHEREAS, the Parties agree that the Advisors' Admin Claim and the Debtor's Breach of

Contract Claim both involve related issues of fact concerning the Shared Services Agreements and that it would be more efficient, and conserve the resources of the Parties and the Court, to consolidate the Litigated Matters for all purposes (including discovery, motion practice, and a trial on the merits);

WHEREAS, the Parties have conferred and desire to enter into a mutually agreeable proposed schedule and address related matters, all as specifically set forth below.

NOW, THEREFORE, it is hereby stipulated and agreed, and upon approval of this Stipulation by the Court, it shall be SO ORDERED:

1. The Debtor's Breach of Contract Claim shall be consolidated with the Advisors' Admin Claim for all purposes and shall be litigated and resolved pursuant to this Stipulation in the Adversary Proceeding, and the Court shall enter a final judgment on the Breach of Contract Claim and the Advisors' Admin Claim in the Adversary Proceeding.

2. The Debtor's Equitable Claims shall be deemed to be fully and finally resolved pursuant to the February Order.

3. Trial in the Adversary Proceeding (including on the Advisors' Admin Claim) is set for **December 7 and 8, 2021 at 9:30 a.m. (Central Time)**, which, unless the Court holds otherwise, shall be conducted live.

4. Requests for discovery shall be served on or before **August 6, 2021**, unless otherwise agreed in writing by the Parties.

5. Reponses and/or objections to discovery requests shall be served on or before **August 27, 2021**, unless otherwise agreed in writing by the Parties.

6. All responsive, non-privileged documents shall be produced on or before **September 10, 2021**, unless otherwise agreed in writing by the Parties.

7. Initial disclosures are waived, except for testifying experts, with respect to which such disclosures and report shall be served on or before **September 24, 2021**. Any rebuttal expert disclosure and report shall be served on or before **October 8, 2021**.

8. Depositions shall be scheduled and concluded on or before **October 18, 2021**, unless otherwise agreed in writing by the Parties.

9. Responses to the Objection ("Responses") shall be filed on or before **November 1, 2021**, unless otherwise agreed in writing by the Parties.

10. Replies to the Responses shall be filed on or before **November 15, 2021**, unless otherwise agreed in writing by the Parties.

11. Witness and exhibit lists and all referenced exhibits will be filed on the docket and served on or before **December 1, 2021**, unless otherwise agreed in writing by the Parties. Objections to exhibits, other than for relevance, shall be filed on or before **December 3, 2021**, or they shall be deemed waived.

12. A joint pretrial order in compliance with the Court's Local Rules shall be filed on or before **December 1, 2021**.

13. Any Party wishing to file a trial brief shall file and serve the same on or before **December 1, 2021**.

14. All deadlines set forth above are effective as of **5:00 p.m. (Central Time)** on each applicable date.

15. If approved by the Court, this Stipulation shall only be modified in a writing signed by the Parties or upon the entry of an order of the Court entered upon notice to the Parties.

16. The Court shall retain jurisdiction over all disputes arising out of or otherwise concerning the interpretation and enforcement of this Stipulation.

Dated: August 4, 2021.

**MUNSCH HARDT KOPF & HARR, P.C.**

*/s/ Julian P. Vasek*
Davor Rukavina
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
3800 Ross Tower
500 N. Akard Street
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
E-mail: drukavina@munsch.com

*Counsel for NexPoint Advisors, L.P.*

**- and -**

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
Ira D. Kharasch (CA Bar No. 109084)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569) 10100
Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail: jpomerantz@pszjlaw.com
ikharasch@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com
hwinograd@pszjlaw.com

- and -

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile:  (972) 755-7110

*Counsel for Highland Capital Management, L.P.*