PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Plaintiff,<br><br>vs.<br><br>HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P. AND NEXPOINT ADVISORS, L.P.,<br><br>Defendants. | Adversary Proceeding No.<br><br>21-03010 |

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

DOCS_NY:44210.2 36027/003

### HIGHLAND'S NOTICE OF RULE 30(b)(6) DEPOSITION
### TO HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable herein pursuant to Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure, Highland Capital Management, L.P., the reorganized debtor[2] ("Highland" or, as may be temporally required, the "Debtor") in the above-captioned chapter 11 case (the "Bankruptcy Case") and plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding"), shall take the deposition of Highland Capital Management Fund Advisors, L.P. ("HCMFA") by the person(s) most qualified to testify on the Advisors' behalf with respect to the topics described in **Exhibit A** attached hereto on **October 18, 2021**, commencing at 9:30 a.m. Central Time or at such other day and time as Highland may agree in writing. The deposition will be taken under oath before a notary public or other person authorized by law to administer oaths and will be visually recorded by video or otherwise.

The deposition will be taken remotely via an online platform due to the coronavirus pandemic such that no one will need to be in the same location as anyone else in order to participate in the deposition and by use of Interactive Realtime. Parties who wish to participate

---

[2] On February 22, 2021, the Bankruptcy Court entered the *Order (i) Confirming the Fifth Amended Plan of Reorganization (as Modified) and (ii) Granting Related Relief* [Bankr. Docket No. 1943] (the "Confirmation Order") which confirmed the *Fifth Amended Plan of Reorganization of Highland Capital* Management, *L.P.*, as modified (the "Plan"). The Plan went Effective (as defined in the Plan) on August 11, 2021, and Highland is the Reorganized Debtor (as defined in the Plan) since the Effective Date. *See Notice of Occurrence of Effective Date of Confirmed Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Bankr. Docket No. 2700].

2

in the deposition should contact **John A. Morris**, Pachulski Stang Ziehl & Jones LLP, at jmorris@pszjlaw.com **no fewer than 72 hours before the start of the deposition** for more information regarding participating in this deposition remotely.

Dated: October 5, 2021.

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ John A. Morris*
Jeffrey N. Pomerantz (CA Bar No.143717)
Ira D. Kharasch (CA Bar No. 109084)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail:    jpomerantz@pszjlaw.com
            ikharasch@pszjlaw.com
            jmorris@pszjlaw.com
            gdemo@pszjlaw.com

-and-

**HAYWARD PLLC**

Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

# EXHIBIT A

# DEFINITIONS

1. "Admin Claim" means the administrative claim asserted by the Advisors against Highland at Docket No. 1826.[3]

2. "Advisors" means HCMFA and NexPoint Advisors, L.P., individually and collectively, and together with anyone authorized to act on their behalf.

3. "Communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and includes all oral and written communications of any nature, type or kind including, but not limited to, any ESI (and any attachments thereto), Documents, telephone conversations, text messages, discussions, meetings, facsimiles, e-mails, pagers, memoranda, and any other medium through which any information is conveyed or transmitted.

4. "Concerning" means and includes relating to, constituting, defining, evidencing, mentioning, containing, describing, discussing, embodying, reflecting, edifying, analyzing, stating, referring to, dealing with, or in any way pertaining to the subject matter.

5. "Discovery Requests" means (i) the *Debtor's First Requests for Admission Directed to NexPoint Advisors, L.P. and Highland Capital Management Fund Advisors, L.P.*, (ii) the *Debtor's First Request for Production of Documents Directed to NexPoint Advisors, L.P. and Highland Capital Management Fund Advisors, L.P.*, and (iii) the *Debtor's First Interrogatories Directed to NexPoint Advisors, L.P. and Highland Capital Management Fund Advisors, L.P.*

6. "Document" means and includes all written, recorded, transcribed or graphic matter of every nature, type and kind, however and by whoever produced, reproduced, disseminated or made. This includes, but is not limited to, Communications, ESI, "writings" as

---

[3] Refers to docket numbers maintained in the main Bankruptcy Case.

defined by Rule 1001 of the Federal Rules of Evidence, copies or drafts, and any tangible or intangible thing or item that contains any information. Any Document that contains any comment, notation, addition, insertion or marking of any type or kind which is not part of another Document, is to be considered a separate Document.

7. "Former Dual Employees" refers to the employees who were dual employees of Highland and the Advisors under the PRAs, as alleged in the Advisors' Admin Claim ¶¶ 9-11.

8. "Mandatory Injunction Hearing" refers to the evidentiary hearing held on February 23, 2021, Concerning *Debtor's Emergency Motion for a Mandatory Injunction Requiring Advisors to Adopt and Implement a Plan for the Transition of Services by February 28, 2021* [Adv. Pro. Docket No. 2], and all pleadings filed, and depositions taken, in connection therewith. *See*, *e.g.*, Adv. Docket Nos. 10, 15-20.

9. "PRAs" refer to (i) the *Payroll Reimbursement Agreement* between Highland and NexPoint, entered into on or about May 1, 2018, and amended on December 14, 2018 pursuant to that certain *Amendment Number One to Payroll Reimbursement Agreement* and (ii) the *Payroll Reimbursement Agreement* between Highland and HCMFA, entered into on or about May 1, 2018, and amended on December 14, 2018 pursuant to that certain *Amendment Number One to Payroll Reimbursement Agreement*.

10. "Shared Services Agreements" refer to: (i) the *Amended and Restated Shared Services Agreement*, effective as of January 1, 2018, between Highland and NexPoint; and (ii) the *Second Amended and Restated Shared Services Agreement*, effective as of February 8, 2013, between Highland and HCMFA.

11. "You" or "Your" refers to the Advisors, individually and collectively, and anyone person or entity authorized to act on behalf of either of the Advisors.

**Rule 30(b)6) Topics**

**Topic No. 1:**

Your Admin Claim.

**Topic No. 2:**

The PRAs, including (i) services provided to You thereunder, (ii) payments made or owing by You thereunder, (iii) any alleged breaches by Highland thereunder, as alleged in Your Admin Claim, and (iv) all Communications with Highland Concerning Highland's compliance or failure to comply with the PRAs, including any demands, notices, or requests concerning such compliance or failure to comply.

**Topic No. 3:**

The Shared Services Agreements, including (i) services provided to You thereunder, (ii) payments made or owing by You thereunder, (iii) any alleged breaches by Highland thereunder, as alleged in Your Admin Claim, (iv) all Communications with Highland Concerning Highland's compliance or failure to comply with the Shared Services Agreements, including any demands, notices, or requests concerning such compliance or failure to comply; and (v) any amendments or extensions of the Shared Services Agreements, including the facts and circumstances Concerning any such amendments or extensions.

**Topic No. 4:**

The Former Dual Employees.

**Topic No. 5:**

The Mandatory Injunction Hearing, including all statements, arguments, allegations, testimony and documentary evidence offered by the Advisors in connection the Mandatory Injunction Hearing.

3

**Topic No. 6:**

    Your responses to the Discovery Requests.

4