PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 266326) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward (TX Bar No. 24044908)
MHayward@HaywardFirm.com
Zachery Z. Annable (TX Bar No. 24053075)
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, TX 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>　　　　　　Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., AND NEXPOINT ADVISORS, L.P.,<br><br>　　　　　　Defendants. | Adversary Proceeding No.<br><br>Case No. 21-03010-sgj |

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

**STIPULATION REGARDING SECOND AMENDED SCHEDULING ORDER**

This stipulation (the "Stipulation") is made and entered into by and between Highland Capital Management L.P. ("Highland"), on the one hand, and Highland Capital Management Fund Advisors, L.P. ("HCMFA") and NexPoint Advisors, L.P. ("NexPoint", and together with HCMFA, the "Advisors", and the Advisors together with Highland, the "Parties"), on the other hand, by and through their respective undersigned counsel, to amend that certain *Order Approving Stipulation (a) Amending Scheduling Order and (b) Consolidating and Resolving Certain Matters* [A.P. Docket No. 37][2] (the "Amended Scheduling Order") filed in the Adversary Proceeding in connection with the "Second Claim for Relief (Breach of Contract)" asserted by Highland against the Advisors in that certain *Complaint for Damages and Declaratory and Injunctive Relief* (the "Breach of Contract Claim", and together with the matters subject to the Amended Scheduling Order, the "Litigated Matters").

## RECITALS

WHEREAS, on October 16, 2019 (the "Petition Date"), Highland filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court for the District of Delaware, Case No. 19-12239 (CSS) (the "Delaware Court");

WHEREAS, on December 4, 2019, the Delaware Court entered an order transferring venue of Highland's chapter 11 bankruptcy case to this Court [Bankr. Docket No. 186];[3]

WHEREAS, on February 22, 2021, the Court entered the *Order (i) Confirming the Fifth Amended Plan of Reorganization (as Modified) and (ii) Granting Related Relief* [Bankr. Docket No. 1943] (the "Confirmation Order") which confirmed the *Fifth Amended Plan of Reorganization*

---

[2] Refers to docket number maintained in the above-captioned adversary proceeding (the "Adversary Proceeding").

[3] Refers to the docket number maintained in above-captioned chapter 11 bankruptcy case (the "Bankruptcy Case").

of Highland Capital Management, L.P., as Modified [Bankr. Docket No. 1808] (the "Plan").

WHEREAS, the Plan went Effective (as defined in the Plan) on August 11, 2021, and Highland is the Reorganized Debtor (as defined in the Plan) since the Effective Date. *See Notice of Occurrence of Effective Date of Confirmed Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Bankr. Docket No. 2700].

WHEREAS, Highland and NexPoint entered into that certain *Amended and Restated Shared Services Agreement* effective as of January 1, 2018 (the "NexPoint SSA");

WHEREAS, Highland and HCMFA entered into that certain *Second Amended and Restated Shared Services Agreement* effective as of February 8, 2013 (the "HCMFA SSA", and together with the NexPoint SSA, the "Shared Services Agreements");

WHEREAS, on January 24, 2021, the Advisors filed their *Application for Allowance of Administrative Claim* [Bankr. Docket No. 1826] (the "Advisors' Admin Claim") in the Bankruptcy Case concerning matters related to the Shared Services Agreements;

WHEREAS, on May 5, 2021, Highland filed its *Objection to Application for Administrative Claim of Highland Capital Management Fund Advisors, L.P. and NexPoint Advisors, L.P.* [Bankr. Docket No. 2345] (the "Objection");

WHEREAS, on May 21, 2021, the Court entered the *Agreed Scheduling Order with Respect to Debtor's Objection to Application for Administrative Claim of Highland Capital Management Fund Advisors, L.P. and NexPoint Advisors, L.P.* [Bankr. Docket No. 2345] (the "Scheduling Order").

WHEREAS, on February 17, 2021, Highland commenced the Adversary Proceeding in which it (i) asserted the Breach of Contract claim for damages arising from the Advisors' alleged breach of the Shared Services Agreements, and (ii) sought declaratory and injunctive relief (the

"Equitable Relief");

WHEREAS, on February 24, 2021, following an evidentiary hearing, the Court entered an *Order* resolving Highland's claims for Equitable Relief asserted in the Adversary Proceeding [A.P. Docket No. 25] (the "February Order");

WHEREAS, on March 22, 2021, the Advisors filed their *Original Answer* in the Adversary Proceeding [A.P. Docket No. 33];

WHEREAS, on August 6, 2021, the Adversary Proceeding and the Advisors' Admin Claim were consolidated pursuant to the Amended Scheduling Order;

WHEREAS, the Parties have conferred and desire to enter into a mutually agreeable proposed second amended scheduling order, as specifically set forth below.

NOW, THEREFORE, it is hereby stipulated and agreed, and upon approval of this Stipulation by the Court, it shall be SO ORDERED:

1. Trial in the Adversary Proceeding (including on the Advisors' Admin Claim) is set for **February 8 and 9, 2022 at 9:30 a.m. (Central Time)**, which, unless the Court holds otherwise, shall be conducted remotely via WebEx.

2. Responses to the Objection ("Responses") shall be filed on or before **December 22, 2021**, unless otherwise agreed in writing by the Parties.

3. Replies to the Responses shall be filed on or before **January 5, 2022**, unless otherwise agreed in writing by the Parties.

4. Depositions shall be scheduled and concluded on or before **January 20, 2022**, unless otherwise agreed in writing by the Parties.

5. Except with respect to impeachment and rebuttal exhibits and witnesses, witness and exhibit lists will be filed on the docket and served on or before **February 1, 2022**, unless

otherwise agreed in writing by the Parties. Objections to exhibits, other than for relevance, shall be filed on or before **February 3, 2022**, or they shall be deemed waived.

6. A joint pretrial order in compliance with the Court's Local Rules shall be filed on or before **February 1, 2022**.

7. Any Party wishing to file a trial brief shall file and serve the same on or before **February 1, 2022**.

8. All deadlines set forth above are effective as of **5:00 p.m. (Central Time)** on each applicable date.

9. Any prior deadline applicable to the potential retention of an expert that, having expired as of the date hereof, shall remain expired and shall not be revived hereby.

10. If approved by the Court, this Stipulation shall only be modified in a writing signed by the Parties or upon the entry of an order of the Court entered upon notice to the Parties.

11. The Court shall retain jurisdiction over all disputes arising out of or otherwise concerning the interpretation and enforcement of this Stipulation.

Dated: December 15, 2021.

                                                   **MUNSCH HARDT KOPF & HARR, P.C.**

                                                   */s/ Davor Rukavina*
                                                   Davor Rukavina
                                                   Texas Bar No. 24030781
                                                   Julian P. Vasek, Esq.
                                                   Texas Bar No. 24070790
                                                   3800 Ross Tower
                                                   500 N. Akard Street
                                                   Dallas, Texas 75201-6659
                                                   Telephone: (214) 855-7500
                                                   Facsimile: (214) 855-7584
                                                   E-mail: drukavina@munsch.com

                                                   *Counsel for NexPoint Advisors, L.P. and Highland*
                                                   *Capital Management Fund Advisors, L.P.*

                                                                            **- and -**

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
Ira D. Kharasch (CA Bar No. 109084)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569) 10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
E-mail: jpomerantz@pszjlaw.com
ikharasch@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com
hwinograd@pszjlaw.com

- and -

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile:  (972) 755-7110

*Counsel for Highland Capital Management, L.P.*