PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | § Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § Case No. 19-34054-sgj11 |
| Reorganized Debtor. | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | |
| Plaintiff, | § Adversary Proceeding No. |
| vs. | § 21-03010-sgj |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., AND NEXPOINT ADVISORS, L.P., | |
| Defendants. | |

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

## PLAINTIFF'S NOTICE OF SERVICE OF
## TRIAL SUBPOENA TO NEXPOINT ADVISORS, L.P.

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, made applicable herein by Rule 9016 of the Federal Rules of Bankruptcy Procedure, Plaintiff Highland Capital Management, L.P., by and through its undersigned counsel, caused a *Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case (or Adversary Proceeding)*, a copy of which is attached hereto as **Exhibit A**, to be served upon NexPoint Advisors, L.P., to appear and testify at the trial on the merits in the above-captioned adversary proceeding commencing on **April 12, 2022** at 9:30 a.m. Central Time, or at such other day and time as the Court may order.

[*Remainder of Page Intentionally Blank*]

Dated: March 15, 2022.                    **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ John A. Morris*
Jeffrey N. Pomerantz (CA Bar No.14371)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail:    jpomerantz@pszjlaw.com
           jmorris@pszjlaw.com
           gdemo@pszjlaw.com
           hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

# **EXHIBIT A**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN District of TEXAS

In re HIGHLAND CAPITAL MANAGEMENT, L.P.,
Reorganized Debtor

Case No. 19-34054-sgj11

Chapter 11

*(Complete if issued in an adversary proceeding)*

HIGHLAND CAPITAL MANAGEMENT, L.P.,
Plaintiff
v.
HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P. AND NEXPOINT ADVISORS, L.P.,
Defendants

Adv. Proc. No. 21-03010-sgj

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: NexPoint Advisors, L.P., c/o Davor Rukavina, Munsch Hardt Kopf & Harr, P.C., 500 N. Akard Street, Suite 3800, Dallas, Texas 75201-6659

*(Name of person to whom the subpoena is directed)*

☒ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case (or adversary proceeding). When you arrive, you must remain at the court until the judge or a court official allows you to leave.

| PLACE: 1100 Commerce Street, 14th Floor, Courtroom 1, Dallas, Texas 75242 (unless the Court determines otherwise) | COURTROOM |
| --- | --- |
| | DATE AND TIME: April 12, 2022 at 9:30 a.m. (CT) |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*: **SEE Exhibit A attached hereto**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: March 15, 2022

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR /s/ John A. Morris
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Highland Capital Management, L.P., who issues or requests this subpoena, is:

John A. Morris, Esq., Pachulski Stang Ziehl & Jones LLP, 780 Third Ave., 34th Fl, New York, NY 10017

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

DOCS_NY:45335.2 36027/003

B2550 (Form 2550 - Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 2)

Case 21-03010-sgj Doc 71 Filed 03/15/22 Entered 03/15/22 19:36:54 Page 6 of 11

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
By e-mail to NexPoint Advisors, L.P., c/o Davor Rukavina, Munsch Hardt Kopf & Harr, P.C., 500 N. Akard Street, Suite 3800, Dallas, Texas 75201-6659.

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

/s/ _____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

Case 21-03010-sgj Doc 71 Filed 03/15/22 Entered 03/15/22 19:36:54 Page 7 of 11

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

## **EXHIBIT A**

## **INSTRUCTIONS**

1. All Documents responsive to the Requests below should be delivered to John A. Morris, Pachulski Stang Ziehl & Jones LLP, counsel to Highland Capital Management, L.P., at the Earle Cabell Federal Building, 1100 Commerce Street, 14th Floor, Courtroom 1, Dallas, Texas 75242-1496 on **April 12, 2022 at 9:30 a.m. Central Time**.

2. For each Document (as defined below) withheld by reason of a claim of privilege, provide a privilege log identifying such Document together with: (a) the date of the Document; (b) the identity of the author or preparer; (c) the identity of each person who was sent or furnished with the Document or who received or had possession or custody of the Document; (d) a description of the Document, including identification of any attachments or appendices; (e) a statement of the basis of the claim of privilege; and (f) the paragraph of this request to which the Document is responsive. In the case of Documents concerning a meeting or conversation, identify all participants in the meeting or conversation.

3. Each Document shall be produced in a fashion that indicates clearly the file in which it was located.

4. If a Document cannot be produced in full, produce it to the extent possible, identify the portion that cannot be produced, and specify the reasons for Your (as defined below) inability to produce the remainder.

5. You are required to produce ESI (as defined below) in searchable form on DVDs, CD-ROMs, or other media to be mutually agreed by the parties.

6. Documents may be produced in paper format or electronically. If Documents are produced electronically, or if any ESI is produced, the following formatting should be used:

- Use .tif format for all Documents that were not originally in Excel format, in which case, use .xls or .xlsx format;

- If possible, without creating undue delay, please produce Documents in Summation-ready DVDs, CD-ROMs, or other media to be mutually agreed by the parties with .tif and text format, and with a Summation load file; and

- Transmit electronic Documents or ESI on DVDs, CD-ROMs, or other media to be mutually agreed by the parties or use an ftp site upload.

7. These Requests shall be deemed continuing and supplemental answers shall be required if You directly or indirectly obtain further information after Your initial response as required by Fed. R. Bank. P. 7026(e).

8. The use of either the singular or plural shall not be deemed a limitation. The use of the singular includes the plural, and vice versa.

9. Unless otherwise noted, the requests for documents set forth herein seeks Documents and Communications created at any time during the Relevant Period (as defined below).

## **DEFINITIONS**

1. "Communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and includes all oral and written communications of any nature, type, or kind including, but not limited to, any ESI (and any attachments thereto), Documents, telephone conversations, text messages, discussions, meetings, facsimiles, e-mails, pagers, memoranda, and any other medium through which any information is conveyed or transmitted.

2. "Concerning" means and includes relating to, constituting, defining, evidencing, mentioning, containing, describing, discussing, embodying, reflecting, edifying, analyzing, stating, referring to, dealing with, or in any way pertaining to the subject matter.

3. "Document" means and includes all written, recorded, transcribed, or graphic matter of every nature, type, and kind, however and by whoever produced, reproduced, disseminated, or made. This includes, but is not limited to, Communications, ESI, "writings" as defined by Rule 1001 of the Federal Rules of Evidence, copies, or drafts, and any tangible or intangible thing or item that contains any information. Any Document that contains any comment, notation, addition, insertion, or marking of any type or kind which is not part of another Document, is to be considered a separate Document.

4. "ESI" has the meaning ascribed to it in Federal Rules of Civil Procedure 16, 26, and 34(a).

5. "HCMLP" refers to Highland Capital Management, L.P.

6. "HCMLP Employee" refers to any individual known by You to have been employed by HCMLP for any period of time during the Relevant Period.

7. "NexPoint" means NexPoint Advisors, L.P., and anyone acting on its behalf (including, but not limited to, James Dondero, Frank Waterhouse, and Dustin Norris).

8. "Petition Date" refers to October 16, 2019, the date on which HCMLP filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

9. "Relevant Period" means the period commencing on the Petition Date and ending on March 1, 2021.

10. "You" or "Your" refers to NexPoint.

## DOCUMENT REQUESTS

### Request No. 1:

All Documents and Communications Concerning any payments made by You (or on Your behalf) during the Relevant Period to (or on behalf of) any Highland Employee, including but not limited to Scott Ellington, Isaac Leventon, Frank Waterhouse, Thomas Surgent, and John Paul Sevilla.