# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| IN RE HIGHLAND CAPITAL MANAGEMENT, L.P., § § § § Reorganized Debtor, § § HIGHLAND CAPITAL MANAGEMENT, L.P., § § Plaintiff, § vs. § § HIGHLAND CAPITAL MANAGEMENT FUND § ADVISORS, L.P. AND NEXPOINT ADVISORS, § L.P., § § Defendants. § | Case No. 19-34054-sgj11<br>Chapter 11<br><br>Adv. Proc. No. 21-03010-sgj |

## AFFIDAVIT OF SERVICE

Came to my hand on **Monday, March 28, 2022 at 3:10 PM,**
Executed at: **300 CRESCENT COURT, SUITE 700, DALLAS, TX 75201**
at **3:43 PM,** on **Monday, March 28, 2022,** by delivering to the within named:

**HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L. P.**

by personally delivering to **Receptionist/Authorized Person, MAYA GRANT,** a black female, over the age of sixteen years of age, in her 30's, around 150 lbs., a true copy of this

**SUBPOENA TO APPEAR AND TESTIFY AT A HEARING
OR TRIAL IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

and tendered a **$45.00 Witness Fee** in cash, having first endorsed thereon the date of the delivery.

BEFORE ME, the undersigned authority, on this day personally appeared Ernesto Martin Herrera who after being duly sworn on oath states: "My name is Ernesto Martin Herrera. I am a person not less than eighteen (18) years of age and I am competent to make this oath. I am a resident of the State of Texas. I have personal knowledge of the facts and statements contained herein and aver that each is true and correct. I am not a party to nor related or affiliated with any party to this suit. I have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I am familiar with the Texas Rules of Civil Procedure, and the Texas Civil Practice and Remedies Codes as they apply to service of process. I am certified by the Judicial Branch Certification Commission to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas in compliance with rule 103 and 501.2 of the TRCP."

By: _____
Ernesto Martin Herrera - PSC 4418 - Exp 11/30/23
served@specialdelivery.com

Subscribed and Sworn to by Ernesto Martin Herrera, Before Me, the undersigned authority, on this 31st day of March, 2022.

BRITTNEY LEIGH WOODALL
Notary Public
STATE OF TEXAS
ID#12979020-7
My Comm. Exp. Sept. 9, 2023

_____
Notary Public in and for the State of Texas

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN District of TEXAS

In re HIGHLAND CAPITAL MANAGEMENT, L.P.,
Reorganized Debtor

Case No. 19-34054-sgj11

*(Complete if issued in an adversary proceeding)*

Chapter 11

HIGHLAND CAPITAL MANAGEMENT, L.P.,
Plaintiff
v.
HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P. AND NEXPOINT ADVISORS, L.P.,
Defendants

Adv. Proc. No. 21-03010-sgj

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Highland Capital Management Fund Advisors, L.P., 300 Crescent Court, Suite 700, Dallas, Texas 75201
*(Name of person to whom the subpoena is directed)*

☒ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case (or adversary proceeding). When you arrive, you must remain at the court until the judge or a court official allows you to leave.

| PLACE: 1100 Commerce Street, 14th Floor, Courtroom 1, Dallas, Texas 75242 (unless the Court determines otherwise) | COURTROOM |
| --- | --- |
| | DATE AND TIME: April 12, 2022 at 9:30 a.m. (CT) |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*: **SEE Exhibit A**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: March 26, 2022

CLERK OF COURT

OR

_____          /s/ John A. Morris
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Highland Capital Management, L.P., who issues or requests this subpoena, is:

John A. Morris, Esq., Pachulski Stang Ziehl & Jones LLP, 780 Third Ave., 34th Fl, New York, NY 10017

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2550 (Form 2550 - Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____
Highland Capital Management Fund Advisors, L.P., 300 Crescent Court, Suite 700, Dallas, Texas 75201

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

/s/ _____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or
     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

## INSTRUCTIONS

1. All Documents responsive to the Requests below should be delivered to John A. Morris, Pachulski Stang Ziehl & Jones LLP, counsel to Highland Capital Management, L.P., at the Earle Cabell Federal Building, 1100 Commerce Street, 14th Floor, Courtroom 1, Dallas, Texas 75242-1496 on **April 12, 2022 at 9:30 a.m. Central Time**.

2. For each Document (as defined below) withheld by reason of a claim of privilege, provide a privilege log identifying such Document together with: (a) the date of the Document; (b) the identity of the author or preparer; (c) the identity of each person who was sent or furnished with the Document or who received or had possession or custody of the document; (d) a description of the Document, including identification of any attachments or appendices; (e) a statement of the basis of the claim of privilege; and (f) the paragraph of this request to which the document is responsive. In the case of Documents concerning a meeting or conversation, identify all participants in the meeting or conversation.

3. Each Document shall be produced in a fashion that indicates clearly the file in which it was located.

4. If a Document cannot be produced in full, produce it to the extent possible, identify the portion that cannot be produced, and specify the reasons for Your (as defined below) inability to produce the remainder.

5. You are required to produce ESI (as defined below) in searchable form on DVDs, CD-ROMs or other media to be mutually agreed by the parties.

6. Documents may be produced in paper format or electronically. If Documents are produced electronically, or if any ESI is produced, the following formatting should be used:

- Use .tif format for all Documents that were not originally in Excel format, in which case, use .xls or .xlsx format;
- If possible, without creating undue delay, please produce Documents in Summation-ready DVDs, CD-ROMs or other media to be mutually agreed by the parties with .tiff and text format, and with a Summation load file; and
- Transmit electronic Documents or ESI on DVDs, CD-ROMs or other media to be mutually agreed by the parties or use an ftp site upload.

7. These Requests shall be deemed continuing and supplemental answers shall be required if You directly or indirectly obtain further information after Your initial response as required by Fed. R. Bank. P. 7026(e).

8. The use of either the singular or plural shall not be deemed a limitation. The use of the singular includes the plural, and vice versa.

9. Unless otherwise noted, the requests for documents set forth herein seeks Documents and Communications created at any time during the Relevant Period (as defined below).

## DEFINITIONS

1. "Communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and includes all oral and written communications of any nature, type or kind including, but not limited to, any ESI (and any attachments thereto), Documents, telephone conversations, text messages, discussions, meetings, facsimiles, e-mails, pagers, memoranda, and any other medium through which any information is conveyed or transmitted.

2. "Concerning" means and includes relating to, constituting, defining, evidencing, mentioning, containing, describing, discussing, embodying, reflecting, edifying, analyzing, stating, referring to, dealing with, or in any way pertaining to the subject matter.

3. "Document" means and includes all written, recorded, transcribed or graphic matter of every nature, type and kind, however and by whoever produced, reproduced, disseminated or made. This includes, but is not limited to, Communications, ESI, "writings" as defined by Rule 1001 of the Federal Rules of Evidence, copies or drafts, and any tangible or intangible thing or item that contains any information. Any Document that contains any comment, notation, addition, insertion or marking of any type or kind which is not part of another Document, is to be considered a separate Document.

4. "ESI" has the meaning ascribed to it in Federal Rules of Civil Procedure 16, 26, and 34(a).

5. "HCMFA" means Highland Capital Management Fund Advisors, L.P., and anyone acting on its behalf (including, but not limited to, James Dondero, Frank Waterhouse and Dustin Norris).

6. "HCMLP" refers to Highland Capital Management, L.P.

7. "HCMLP Employee" refers to any individual known by You to have been employed by HCMLP for any period of time during the Relevant Period.

8. "Petition Date" refers to October 16, 2019, the date in which the Reorganized Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

9. "Relevant Period" means the period commencing on the Petition Date and ending on March 1, 2021.

10. "You" or "Your" refers to HCMFA.

## DOCUMENT REQUESTS

**Request No. 1:**

All Documents and Communications Concerning any payments made by You (or on Your behalf) during the Relevant Period to (or on behalf of) any Highland Employee, including but not limited to Scott Ellington, Isaac Leventon, Frank Waterhouse, Thomas Surgent, and John Paul Sevilla.