Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
MUNSCH HARDT KOPF & HARR P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75201
(214) 855-7500

COUNSEL FOR HIGHLAND CAPITAL MANAGEMENT
FUND ADVISORS, L.P. AND NEXPOINT ADVISORS, L.P.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.<br><br>Debtor. | § § § § § § § § | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Plaintiff,<br><br>v.<br><br>HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P. and NEXPOINT ADVISORS, L.P.,<br><br>Defendants. | § § § § § § § § § § § § § § | Adv. No. 21-03010-sgj |

## OBJECTIONS TO TRIAL SUBPOENAS *DUCES TECUM*

To:   Highland Capital Management, L.P. through its counsel of record, John Morris, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067, jmorris@pszjlaw.com; and Zachery Annable, Hayward PLLC, 10501 N. Central Expy., Ste. 106, Dallas, TX 75231, zannable@haywardfirm.com.

NexPoint Advisors, L.P. and Highland Capital Management Fund Advisors, L.P. (together, the "Advisors"), the defendants in the above styled and numbered Adversary Proceeding, hereby serve their *Objections to Trial Subpoenas Duces Tecum* (the "Objection") as follows:

1. Pursuant to Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure, as incorporated into this Adversary Proceeding by Rule 9016 of the Federal Rules of Bankruptcy Procedure, the Advisors object to those certain trial subpoenas issued on them by Highland Capital Management, L.P. ("Highland") and filed at docket no. 75 and 76 (the "Subpoenas"), as purporting to command the production of documents outside permissible discovery and not previously and timely requested for production.

2. Pursuant to the Court's *Amended Scheduling Order* entered on August 6, 2021, requests for discovery were required to be served on or before August 6, 2021. *See* Docket No. 37. Pursuant to the Court's *Second Amended Scheduling Order* entered on December 17, 2021, deposition scheduling was extended. *See* Docket No. 46. The Court subsequently extended the Scheduling Order again, with the agreement of the parties, so as to permit depositions to be completed by March 15, 2022 (in light of various issues related to witnesses and COVID-19). *See* Docket No. 60. The general discovery cutoff, however, was not extended, and requests for production remained due on August 6, 2021.

3. The Subpoenas request "[a]ll Documents and Communications Concerning any payments made by You (or on Your behalf) during the Relevant Period to (or on behalf of) any Highland Employee, including but not limited to Scott Ellington, Isaac Leventon, Frank Waterhouse, Thomas Surgent, and John Paul Sevilla." At no time prior to issuing the Subpoenas did Highland ever request such documents and communications through discovery, and discovery is now closed.

4. The law is clear that a trial subpoena may not be used to circumvent discovery deadlines and to obtain documents not previously requested during the discovery period. *See Hamilton v. Ochsner Health Sys.*, 2012 U.S. Dist. LEXIS 182168 at *10 (E.D. La. 2012)

("Numerous district courts within [the Fifth Circuit] have prevented parties from issuing a subpoena under Federal Rule of Civil Procedure 45 in order to circumvent the discovery deadlines and have also recognized that subpoenas are not generally used to obtain documents from litigants."); *Mortg. Payment Prot. Inc. v. Cynosure Fin. Inc.*, 2010 U.S. Dist. LEXIS 149606 at *9 (M.D. Fla. 2010) ("a trial subpoena may not be used to obtain discovery not previously disclosed during the course of discovery"); *Dodson v. CBS Broad*, 2005 U.S. Dist. LEXIS 30126 at *3 (S.D.N.Y. 2005) ("trial subpoenas [duces tecum] may not be used, however, as means to engage in discovery after the discovery deadline has passed"); *Alper v. United States*, 190 F.R.D. 281, 284 ("[a]t bottom, Plaintiff cannot now obtain through one means, Rule 45, what he has been precluded from obtaining through another, the expired discovery schedule").  Accordingly, the Advisors object to the Subpoenas on the basis that they purport to require discovery outside of the discovery period.

5.     The Advisors further object to the Subpoenas on the basis that they information they seek is not relevant to any fact or issue in this Adversary Proceeding.

Dated: April 8, 2022.                    **MUNSCH HARDT KOPF & HARR, P.C.**

                                                  By: /s/ Davor Rukavina
                                                       Davor Rukavina, Esq.
                                                       State Bar No. 24030781
                                                       Thomas D. Berghman, Esq.
                                                       State Bar No. 24082683
                                                       500 N. Akard Street, Suite 3800
                                                       Dallas, Texas 75202-2790
                                                       Telephone: (214) 855-7500
                                                       Facsimile: (214) 978-4375
                                                       Email: drukavina@munsch.com
                                                       Email: tberghman@munsch.com

**ATTORNEYS FOR NEXPOINT ADVISORS, L.P. AND HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that, on this the 8th day of April, 2022, he caused a true and correct copy of this document to be served by e-mail on the counsel of record via the Court's ECF notification system.

                                                    /s/ Thomas Berghman
                                                    Thomas D. Berghman, Esq.