# EXHIBIT 4

**From:** John A. Morris
**Sent:** Thursday, March 17, 2022 9:42 AM
**To:** Rukavina, Davor (drukavina@munsch.com) <drukavina@munsch.com>
**Cc:** Hayley R. Winograd <hwinograd@pszjlaw.com>; Berghman, Thomas (tberghman@munsch.com) <tberghman@munsch.com>
**Subject:** RE: Highland: HCMFA/HCMLP Claims Trial Issues

Davor,

I understand you were in court yesterday, but any answers you can provide to move this along and bring clarity are appreciated.

For example, since we now both want the hearing to be in person, can I reach out to Ms. Ellison about that today? Let me know. I think the sooner the better on that.

Thanks,

John

**John A. Morris**
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 212.561.7760
Tel: 212.561.7700 | Fax: 212.561.7777
jmorris@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | San Francisco | Wilmington, DE | New York | Houston

---

**From:** John A. Morris
**Sent:** Tuesday, March 15, 2022 12:22 PM
**To:** Rukavina, Davor (drukavina@munsch.com) <drukavina@munsch.com>
**Cc:** Hayley R. Winograd <hwinograd@pszjlaw.com>; Berghman, Thomas (tberghman@munsch.com) <tberghman@munsch.com>
**Subject:** Highland: HCMFA/HCMLP Claims Trial Issues

Davor,

I write concerning several issues related to the HCMFA/HCMLP claims litigation.

1. Schedule

   Please confirm our agreement on the schedule below. Since none of the changes affect the Court, I am prepared to rely on this e-mail but please let me know if you'd prefer that we formally amend the Scheduling Order and, if so, please prepare a draft.

   Deadline Current Proposed

   Waterhouse deposition 3/15 3/29

   File and serve W&E lists 3/22 3/31 (midnight)

   Objections to Exhibits 3/29 4/4

   JPT/trial brief, if any 4/5 4/5

   Trial 4/12-13 4/12-13

2. Trial

   You recently asked whether HCMLP would agree to have this trial conducted in person. After conferring with Mr. Seery, and assuming no meaningful changes in COVID protocol or infection rates, we're prepared to go forward live, subject to Court approval. Please let me know if we're authorized to reach out to Ms. Ellison to make the request with the Advisors' consent (copying you).

3. Witnesses for trial

   Advisors' Witnesses. While it is still four weeks away and our plans are subject to change, please be advised that HCMLP currently intends to call Jim Dondero, Frank Waterhouse, and Dustin Norris on its case-in-chief. Please (a) confirm their availability, (b) let me know if they require trial subpoenas and, (c) if so, whether you will accept them on their behalf. We understand that Mr. Waterhouse remains an officer of the Advisors, but please let me know if I should speak with Dandeneau/Hartmann about Frank.

   HCMLP's Witnesses. HCMLP also intends to call Jim Seery and David Klos on its case-in-chief. We will make them available for cross, but if you feel the need to serve trial subpoenas for them, I will accept them on their behalf.

   Retail Board. The Retail Board is also being deposed. I would consider relying on the deposition transcript rather than calling the Retail Board live, but won't know for sure until after the deposition is completed. If the Advisors would object to HCMLP's reliance on the transcript because the Retail Board is subject to the Court's jurisdiction, that's fine – just let me know and I'll prepare a trial subpoena. If you want to wait until the deposition is over, that's fine, too.

4. Joint Pre-Trial Order

   Given that HCMLP is the Plaintiff, Hayley and I are willing to take the lead in preparing the JPO. Since it is due on April 5, we hope to have a draft to you by March 29, a week before (it might slip a day because of the Waterhouse deposition, but's that our goal). We'll leave space in the initial draft for each party to add their narrative for claims/defenses, but otherwise expect that to be enough time to get that done.

5. Documents

   A. Legal Fees. As you noted during Mr. Seery's deposition, HCMLP is seeking to recover its costs and expenses in this litigation. Because the facts are dynamic (i.e., they change every day as additional time is spent), this is always a

difficult exercise. Please be advised that we expect to produce our time records and related documents by April 1 so as to capture as much of the time and expenses as possible. If you feel the need to depose a witness on those documents, we'll make someone available the following week.

B.  <u>Advisors' Post-Petition Payments to Highland Employees</u>. We understand that the Advisors made direct, post-petition payments to certain HCMLP employees including, upon information and belief, Scott Ellington, Isaac, Leventon, Frank Waterhouse, Thomas Surgent, and JP Sevilla (the "<u>Post-Petition Payments</u>"). Please be advised that we expect to serve trial subpoenas on HCMFA and NexPoint for all documents and communications concerning any Post-Petition Payments. While we hope to serve the subpoenas before the end of next week, we wanted to provide the Advisors with advance notice of these issues.

That's all for now. We appreciate your prompt attention to these matters.

Regards,

John


**John A. Morris**
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 212.561.7760
Tel: 212.561.7700 | Fax: 212.561.7777
jmorris@pszjlaw.com
vCard | Bio | LinkedIn

**Attachments:**                    Document_2022-03-22_122529.pdf; Document_2022-03-22_122403.pdf

**From:** John A. Morris
**Sent:** Tuesday, March 22, 2022 12:51 PM
**To:** Rukavina, Davor (drukavina@munsch.com) <drukavina@munsch.com>
**Cc:** Hayley R. Winograd <hwinograd@pszjlaw.com>; Berghman, Thomas (tberghman@munsch.com) <tberghman@munsch.com>
**Subject:** Highland: HCMFA/NPA Trial Subpoenas

Davor:

Attached are trial subpoenas for Mr. Dondero and Mr. Norris requiring their appearance at the trial scheduled to begin on April 12.

Please let me know if you are authorized to accept service of these subpoenas on their behalf or if there is another lawyer I should contact (e.g., Deborah or Clay).

Also, I reiterate my request that you let me know if you are authorized to accept service of the trial subpoenas for HCMFA and NexPoint that were e-mailed to you on March 15.

Please provide a substantive response to these matters by COB on Thursday or we'll effectuate service at times and places of Highland's choosing.

I hope all of that can be avoided and remain available to confer.

Regards,

John

**John A. Morris**
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 212.561.7760
Tel: 212.561.7700 | Fax: 212.561.7777
jmorris@pszjlaw.com
vCard | Bio | LinkedIn

Los Angeles | San Francisco | Wilmington, DE | New York | Houston

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (12/15)

Case 21-03010-sgj Doc 102-4 Filed 04/11/22 Entered 04/11/22 08:39:34 Page 6 of 32

# UNITED STATES BANKRUPTCY COURT

## NORTHERN District of TEXAS

In re HIGHLAND CAPITAL MANAGEMENT, L.P.,
Reorganized Debtor

*(Complete if issued in an adversary proceeding)*

HIGHLAND CAPITAL MANAGEMENT, L.P.,
Plaintiff
v.
HIGHLAND CAPITAL MANAGEMENT
FUND ADVISORS, L.P. AND NEXPOINT
ADVISORS, L.P.,
Defendants

Case No. 19-34054-sgj11

Chapter 11

Adv. Proc. No. 21-03010-sgj11

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: James Dondero, NexPoint Advisors, L.P., c/o Davor Rukavina, Munsch Hardt Kopf & Harr, P.C., 500 N. Akard Street, Suite 3800 / Dallas, Texas 75201-6659

*(Name of person to whom the subpoena is directed)*

☒ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case (or adversary proceeding). When you arrive, you must remain at the court until the judge or a court official allows you to leave.

| PLACE:<br>1100 Commerce Street, 14th Floor, Courtroom 1, Dallas, Texas 75424 (unless the Court determines otherwise) | COURTROOM<br><br>DATE AND TIME:<br>April 12, 2022 at 9:30 a.m. (CT) |
|---|---|

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: March 22, 2022

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR  /s/ John A. Morris
_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Highland Capital Management, L.P., who issues or requests this subpoena, is:

John A. Morris, Esq., Pachulski Stang Ziehl & Jones LLP, 780 Third Ave., 34th Fl, New York, NY 10017

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____
James Dondero, NexPoint Advisors, L.P., c/o Davor Rukavina, Munsch Hardt Kopf & Harr, P.C., 500 N. Akard Street, Suite 3800 / Dallas, Texas 75201-6659

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

/s/ _____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B)Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# UNITED STATES BANKRUPTCY COURT

## NORTHERN District of TEXAS

In re HIGHLAND CAPITAL MANAGEMENT, L.P.,
Reorganized Debtor

*(Complete if issued in an adversary proceeding)*

HIGHLAND CAPITAL MANAGEMENT, L.P.,
Plaintiff
v.
HIGHLAND CAPITAL MANAGEMENT
FUND ADVISORS, L.P. AND NEXPOINT
ADVISORS, L.P.,
Defendants

Case No. 19-34054-sgj11

Chapter 11

Adv. Proc. No. 21-03010-sgj11

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Dustin Norris, Executive Vice President, NexPoint Advisors, L.P., c/o Davor Rukavina, Munsch Hardt Kopf & Harr, P.C., 500 N. Akard Street, Suite 3800 / Dallas, Texas 75201-6659
*(Name of person to whom the subpoena is directed)*

☒ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case (or adversary proceeding). When you arrive, you must remain at the court until the judge or a court official allows you to leave.

| PLACE: 1100 Commerce Street, 14th Floor, Courtroom 1, Dallas, Texas 75424 (unless the Court determines otherwise) | COURTROOM |
|---|---|
| | DATE AND TIME: April 12, 2022 at 9:30 a.m. (CT) |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: March 22, 2022

CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk

OR       /s/ John A. Morris
_____
Attorney's signature

The name, address, email address, and telephone number of the attorney representing Highland Capital Management, L.P., who issues or requests this subpoena, is:

John A. Morris, Esq., Pachulski Stang Ziehl & Jones LLP, 780 Third Ave., 34th Fl, New York, NY 10017

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 21-03010-sgj Doc 102-4 Filed 04/11/22 Entered 04/11/22 08:39:34 Page 10 of 32

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

Dustin Norris, Executive Vice President, NexPoint Advisors, L.P., Davor Rukavina, Munsch Hardt Kopf & Harr, P.C., 500 N. Akard Street, Suite 3800 / Dallas, Texas 75201-6659

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

/s/ _____
                                    *Server's signature*

_____
                                    *Printed name and title*

_____
                                    *Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B)Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
      …
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**Attachments:**                   Document_2022-03-22_122529.pdf; Document_2022-03-22_122403.pdf; Document_ 2022-03-15_181551.pdf; Document_2022-03-15_181757.pdf

**From:** John A. Morris
**Sent:** Friday, March 25, 2022 7:58 AM
**To:** Rukavina, Davor (drukavina@munsch.com) <drukavina@munsch.com>
**Cc:** Hayley R. Winograd <hwinograd@pszjlaw.com>; 'zannable@haywardfirm.com' <zannable@haywardfirm.com>; Berghman, Thomas (tberghman@munsch.com) <tberghman@munsch.com>
**Subject:** Highland: HCMFA/NPA Trial Subpoenas -- LAST CALL

Davor,

I have not received any response to my e-mails asking whether you will accept service of the attached trial subpoenas.

As a courtesy, we are asking one last time whether you are authorized to accept service of all or any of the attached subpoenas.

Please let me know by the end of the day, one way or the other, or we will assume that you are not authorized to accept service.

Regards,

John

**John A. Morris**
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 212.561.7760
Tel: 212.561.7700 | Fax: 212.561.7777
jmorris@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | San Francisco | Wilmington, DE | New York | Houston

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

## NORTHERN District of TEXAS

In re HIGHLAND CAPITAL MANAGEMENT, L.P.,
Reorganized Debtor

Case No. 19-34054-sgj11

*(Complete if issued in an adversary proceeding)*

Chapter 11

HIGHLAND CAPITAL MANAGEMENT, L.P.,
Plaintiff
v.
HIGHLAND CAPITAL MANAGEMENT
FUND ADVISORS, L.P. AND NEXPOINT
ADVISORS, L.P.,
Defendants

Adv. Proc. No. 21-03010-sgj

**SUBPOENA TO APPEAR AND TESTIFY
AT A HEARING OR TRIAL IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: NexPoint Advisors, L.P., c/o Davor Rukavina, Munsch Hardt Kopf & Harr, P.C., 500 N. Akard Street, Suite 3800, Dallas, Texas 75201-6659

*(Name of person to whom the subpoena is directed)*

☒ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case (or adversary proceeding). When you arrive, you must remain at the court until the judge or a court official allows you to leave.

| PLACE:<br>1100 Commerce Street, 14th Floor, Courtroom 1, Dallas, Texas 75242 (unless the Court determines otherwise) | COURTROOM |
|---|---|
| | DATE AND TIME:<br>April 12, 2022 at 9:30 a.m. (CT) |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*: **SEE Exhibit A attached hereto**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: March 15, 2022

CLERK OF COURT

OR /s/ John A. Morris

_____
*Signature of Clerk or Deputy Clerk*

*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Highland Capital Management, L.P., who issues or requests this subpoena, is:

John A. Morris, Esq., Pachulski Stang Ziehl & Jones LLP, 780 Third Ave., 34th Fl, New York, NY 10017

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 21-03010-sgi Doc 102-4 Filed 04/11/22 Entered 04/11/22 08:39:34 Page 14 of 32

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

By e-mail to NexPoint Advisors, L.P., c/o Davor Rukavina, Munsch Hardt Kopf & Harr, P.C., 500 N. Akard Street, Suite 3800, Dallas, Texas 75201-6659.

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

        I declare under penalty of perjury that this information is true and correct.

Date: _____

        /s/ _____
                        *Server's signature*

        _____
                        *Printed name and title*

        _____
                        *Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B)Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## **EXHIBIT A**

## **INSTRUCTIONS**

1.      All Documents responsive to the Requests below should be delivered to John A. Morris, Pachulski Stang Ziehl & Jones LLP, counsel to Highland Capital Management, L.P., at the Earle Cabell Federal Building, 1100 Commerce Street, 14th Floor, Courtroom 1, Dallas, Texas 75242-1496 on **April 12, 2022 at 9:30 a.m. Central Time**.

2.      For each Document (as defined below) withheld by reason of a claim of privilege, provide a privilege log identifying such Document together with:  (a) the date of the Document; (b) the identity of the author or preparer; (c) the identity of each person who was sent or furnished with the Document or who received or had possession or custody of the Document; (d) a description of the Document, including identification of any attachments or appendices; (e) a statement of the basis of the claim of privilege; and (f) the paragraph of this request to which the Document is responsive.  In the case of Documents concerning a meeting or conversation, identify all participants in the meeting or conversation.

3.      Each Document shall be produced in a fashion that indicates clearly the file in which it was located.

4.      If a Document cannot be produced in full, produce it to the extent possible, identify the portion that cannot be produced, and specify the reasons for Your (as defined below) inability to produce the remainder.

5.      You are required to produce ESI (as defined below) in searchable form on DVDs, CD-ROMs, or other media to be mutually agreed by the parties.

6.      Documents may be produced in paper format or electronically.  If Documents are produced electronically, or if any ESI is produced, the following formatting should be used:

- Use .tif format for all Documents that were not originally in Excel format, in which case, use .xls or .xlsx format;

- If possible, without creating undue delay, please produce Documents in Summation-ready DVDs, CD-ROMs, or other media to be mutually agreed by the parties with .tif and text format, and with a Summation load file; and

- Transmit electronic Documents or ESI on DVDs, CD-ROMs, or other media to be mutually agreed by the parties or use an ftp site upload.

7.     These Requests shall be deemed continuing and supplemental answers shall be required if You directly or indirectly obtain further information after Your initial response as required by Fed. R. Bank. P. 7026(e).

8.     The use of either the singular or plural shall not be deemed a limitation.  The use of the singular includes the plural, and vice versa.

9.     Unless otherwise noted, the requests for documents set forth herein seeks Documents and Communications created at any time during the Relevant Period (as defined below).

## DEFINITIONS

1.     "Communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and includes all oral and written communications of any nature, type, or kind including, but not limited to, any ESI (and any attachments thereto), Documents, telephone conversations, text messages, discussions, meetings, facsimiles, e-mails, pagers, memoranda, and any other medium through which any information is conveyed or transmitted.

2.      "<u>Concerning</u>" means and includes relating to, constituting, defining, evidencing, mentioning, containing, describing, discussing, embodying, reflecting, edifying, analyzing, stating, referring to, dealing with, or in any way pertaining to the subject matter.

3.      "<u>Document</u>" means and includes all written, recorded, transcribed, or graphic matter of every nature, type, and kind, however and by whoever produced, reproduced, disseminated, or made. This includes, but is not limited to, Communications, ESI, "writings" as defined by Rule 1001 of the Federal Rules of Evidence, copies, or drafts, and any tangible or intangible thing or item that contains any information. Any Document that contains any comment, notation, addition, insertion, or marking of any type or kind which is not part of another Document, is to be considered a separate Document.

4.      "<u>ESI</u>" has the meaning ascribed to it in Federal Rules of Civil Procedure 16, 26, and 34(a).

5.      "<u>HCMLP</u>" refers to Highland Capital Management, L.P.

6.      "<u>HCMLP Employee</u>" refers to any individual known by You to have been employed by HCMLP for any period of time during the Relevant Period.

7.      "<u>NexPoint</u>" means NexPoint Advisors, L.P., and anyone acting on its behalf (including, but not limited to, James Dondero, Frank Waterhouse, and Dustin Norris).

8.      "<u>Petition Date</u>" refers to October 16, 2019, the date on which HCMLP filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

9.      "<u>Relevant Period</u>" means the period commencing on the Petition Date and ending on March 1, 2021.

10.     "<u>You</u>" or "<u>Your</u>" refers to NexPoint.

## **DOCUMENT REQUESTS**

### **Request No. 1:**

All Documents and Communications Concerning any payments made by You (or on Your behalf) during the Relevant Period to (or on behalf of) any Highland Employee, including but not limited to Scott Ellington, Isaac Leventon, Frank Waterhouse, Thomas Surgent, and John Paul Sevilla.

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

## NORTHERN District of TEXAS

In re HIGHLAND CAPITAL MANAGEMENT, L.P.,
                    Reorganized Debtor

*(Complete if issued in an adversary proceeding)*

HIGHLAND CAPITAL MANAGEMENT, L.P.,
                    Plaintiff
                          v.
HIGHLAND CAPITAL MANAGEMENT
FUND ADVISORS, L.P. AND NEXPOINT
ADVISORS, L.P.,
                    Defendants

Case No. 19-34054-sgj11

Chapter 11

Adv. Proc. No. 21-03010-sgj

## SUBPOENA TO APPEAR AND TESTIFY
### AT A HEARING OR TRIAL IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Highland Capital Management Fund Advisors, L.P., c/o Davor Rukavina, Munsch Hardt Kopf & Harr, P.C., 500 N. Akard Street, Suite 3800, Dallas, Texas 75201-6659
                    *(Name of person to whom the subpoena is directed)*

☒ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case (or adversary proceeding). When you arrive, you must remain at the court until the judge or a court official allows you to leave.

| PLACE:<br>1100 Commerce Street, 14th Floor, Courtroom 1, Dallas, Texas 75242 (unless the Court determines otherwise) | COURTROOM |
|---|---|
| | DATE AND TIME:<br>April 12, 2022 at 9:30 a.m. (CT) |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*: **SEE Exhibit A attached hereto**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: March 15, 2022

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR          /s/ John A. Morris
          _____
          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Highland Capital Management, L.P., who issues or requests this subpoena, is:

John A. Morris, Esq., Pachulski Stang Ziehl & Jones LLP, 780 Third Ave., 34th Fl, New York, NY 10017

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

DOCS_NY:45334.2 36027/003

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

By e-mail to Highland Capital Management Fund Advisors, L.P., c/o Davor Rukavina, Munsch Hardt Kopf & Harr,
P.C., 500 N. Akard Street, Suite 3800, Dallas, Texas 75201-6659

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                  /s/ _____

                                          *Server's signature*

                                        _____

                                          *Printed name and title*

                                          _____

                                          *Server's address*

Additional information concerning attempted service, etc.:

B255 (Official2250 -- Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 3)

Case 21-03010-sgj Doc 102-4 Filed 04/11/22 Entered 04/11/22 08:39:34 Page 22 of 32

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B)Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

## INSTRUCTIONS

1.    All Documents responsive to the Requests below should be delivered to John A. Morris, Pachulski Stang Ziehl & Jones LLP, counsel to Highland Capital Management, L.P., at the Earle Cabell Federal Building, 1100 Commerce Street, 14th Floor, Courtroom 1, Dallas, Texas 75242-1496 on **April 12, 2022 at 9:30 a.m. Central Time**.

2.    For each Document (as defined below) withheld by reason of a claim of privilege, provide a privilege log identifying such Document together with: (a) the date of the Document; (b) the identity of the author or preparer; (c) the identity of each person who was sent or furnished with the Document or who received or had possession or custody of the Document; (d) a description of the Document, including identification of any attachments or appendices; (e) a statement of the basis of the claim of privilege; and (f) the paragraph of this request to which the Document is responsive. In the case of Documents concerning a meeting or conversation, identify all participants in the meeting or conversation.

3.    Each Document shall be produced in a fashion that indicates clearly the file in which it was located.

4.    If a Document cannot be produced in full, produce it to the extent possible, identify the portion that cannot be produced, and specify the reasons for Your (as defined below) inability to produce the remainder.

5.    You are required to produce ESI (as defined below) in searchable form on DVDs, CD-ROMs, or other media to be mutually agreed by the parties.

6.    Documents may be produced in paper format or electronically. If Documents are produced electronically, or if any ESI is produced, the following formatting should be used:

- Use .tif format for all Documents that were not originally in Excel format, in which case, use .xls or .xlsx format;

- If possible, without creating undue delay, please produce Documents in Summation-ready DVDs, CD-ROMs, or other media to be mutually agreed by the parties with .tif and text format, and with a Summation load file; and

- Transmit electronic Documents or ESI on DVDs, CD-ROMs, or other media to be mutually agreed by the parties or use an ftp site upload.

7.      These Requests shall be deemed continuing and supplemental answers shall be required if You directly or indirectly obtain further information after Your initial response as required by Fed. R. Bank. P. 7026(e).

8.      The use of either the singular or plural shall not be deemed a limitation. The use of the singular includes the plural, and vice versa.

9.      Unless otherwise noted, the requests for documents set forth herein seeks Documents and Communications created at any time during the Relevant Period (as defined below).

## DEFINITIONS

1.      "Communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and includes all oral and written communications of any nature, type, or kind including, but not limited to, any ESI (and any attachments thereto), Documents, telephone conversations, text messages, discussions, meetings, facsimiles, e-mails, pagers, memoranda, and any other medium through which any information is conveyed or transmitted.

2. "Concerning" means and includes relating to, constituting, defining, evidencing, mentioning, containing, describing, discussing, embodying, reflecting, edifying, analyzing, stating, referring to, dealing with, or in any way pertaining to the subject matter.

3. "Document" means and includes all written, recorded, transcribed or graphic matter of every nature, type, and kind, however and by whoever produced, reproduced, disseminated, or made. This includes, but is not limited to, Communications, ESI, "writings" as defined by Rule 1001 of the Federal Rules of Evidence, copies, or drafts, and any tangible or intangible thing or item that contains any information. Any Document that contains any comment, notation, addition, insertion, or marking of any type or kind which is not part of another Document, is to be considered a separate Document.

4. "ESI" has the meaning ascribed to it in Federal Rules of Civil Procedure 16, 26, and 34(a).

5. "HCMFA" means Highland Capital Management Fund Advisors, L.P., and anyone acting on its behalf (including, but not limited to, James Dondero, Frank Waterhouse, and Dustin Norris).

6. "HCMLP" refers to Highland Capital Management, L.P.

7. "HCMLP Employee" refers to any individual known by You to have been employed by HCMLP for any period of time during the Relevant Period.

8. "Petition Date" refers to October 16, 2019, the date on which HCMLP filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

9. "Relevant Period" means the period commencing on the Petition Date and ending on March 1, 2021.

10. "You" or "Your" refers to HCMFA.

## **DOCUMENT REQUESTS**

### **Request No. 1:**

All Documents and Communications Concerning any payments made by You (or on Your behalf) during the Relevant Period to (or on behalf of) any Highland Employee, including but not limited to Scott Ellington, Isaac Leventon, Frank Waterhouse, Thomas Surgent, and John Paul Sevilla.

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

## NORTHERN District of TEXAS

In re HIGHLAND CAPITAL MANAGEMENT, L.P.,
Reorganized Debtor

*(Complete if issued in an adversary proceeding)*

HIGHLAND CAPITAL MANAGEMENT, L.P.,
Plaintiff
v.
HIGHLAND CAPITAL MANAGEMENT
FUND ADVISORS, L.P. AND NEXPOINT
ADVISORS, L.P.,
Defendants

Case No. 19-34054-sgj11

Chapter 11

Adv. Proc. No. 21-03010-sgj11

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: James Dondero, NexPoint Advisors, L.P., c/o Davor Rukavina, Munsch Hardt Kopf & Harr, P.C., 500 N. Akard Street, Suite 3800 / Dallas, Texas 75201-6659

*(Name of person to whom the subpoena is directed)*

☒ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case (or adversary proceeding). When you arrive, you must remain at the court until the judge or a court official allows you to leave.

| PLACE: 1100 Commerce Street, 14th Floor, Courtroom 1, Dallas, Texas 75424 (unless the Court determines otherwise) | COURTROOM |
|---|---|
| | DATE AND TIME: April 12, 2022 at 9:30 a.m. (CT) |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: March 22, 2022

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR /s/ John A. Morris
_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Highland Capital Management, L.P., who issues or requests this subpoena, is:

John A. Morris, Esq., Pachulski Stang Ziehl & Jones LLP, 780 Third Ave., 34th Fl, New York, NY 10017

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

DOCS_NY:45379.1 36027/003

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

James Dondero, NexPoint Advisors, L.P., c/o Davor Rukavina, Munsch Hardt Kopf & Harr, P.C., 500 N. Akard Street, Suite 3800 / Dallas, Texas 75201-6659

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

/s/ _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information concerning attempted service, etc.:

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B)*Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (12/15)

Case 21-03010-sgj Doc 102-4 Filed 04/11/22 Entered 04/11/22 08:39:34 Page 30 of 32

# UNITED STATES BANKRUPTCY COURT

NORTHERN District of TEXAS

In re HIGHLAND CAPITAL MANAGEMENT, L.P.,
Reorganized Debtor

Case No. 19-34054-sgj11

*(Complete if issued in an adversary proceeding)*

Chapter 11

HIGHLAND CAPITAL MANAGEMENT, L.P.,
Plaintiff
v.

Adv. Proc. No. 21-03010-sgj11

HIGHLAND CAPITAL MANAGEMENT
FUND ADVISORS, L.P. AND NEXPOINT
ADVISORS, L.P.,
Defendants

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Dustin Norris, Executive Vice President, NexPoint Advisors, L.P., c/o Davor Rukavina, Munsch Hardt Kopf & Harr, P.C., 500 N. Akard Street, Suite 3800 / Dallas, Texas 75201-6659
*(Name of person to whom the subpoena is directed)*

☒ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case (or adversary proceeding). When you arrive, you must remain at the court until the judge or a court official allows you to leave.

| PLACE:<br>1100 Commerce Street, 14th Floor, Courtroom 1, Dallas, Texas 75424 (unless the Court determines otherwise) | COURTROOM |
|---|---|
| | DATE AND TIME:<br>April 12, 2022 at 9:30 a.m. (CT) |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: March 22, 2022

CLERK OF COURT

OR /s/ John A. Morris

_____
Signature of Clerk or Deputy Clerk

_____
Attorney's signature

The name, address, email address, and telephone number of the attorney representing Highland Capital Management, L.P., who issues or requests this subpoena, is:

John A. Morris, Esq., Pachulski Stang Ziehl & Jones LLP, 780 Third Ave., 34th Fl, New York, NY 10017

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

Dustin Norris, Executive Vice President, NexPoint Advisors, L.P., Davor Rukavina, Munsch Hardt Kopf & Harr, P.C., 500 N. Akard Street, Suite 3800 / Dallas, Texas 75201-6659

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

/s/ _____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B)Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)