

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed September 13, 2022**

_____
United States Bankruptcy Judge
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § § § | Case No. 19-34054-sgj11 |
| Reorganized Debtor. | § § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § | |
| Plaintiff, | § § | Adversary Proceeding No. |
| vs. | § § | 21-03010-sgj |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., AND NEXPOINT ADVISORS, L.P., | § § § § | |
| Defendants. | § § | |

## **JUDGMENT**

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357). The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

DOCS_NY:46437.2 36027/003

This matter having come before the Court following the consolidation of (a) certain breach of contract claims asserted by Highland Capital Management, L.P. ("Highland" or "Plaintiff") against Highland Capital Management Fund Advisors, L.P. ("HCMFA") and NexPoint Advisors, L.P. ("NexPoint" and together with HCFMA, the "Defendants," and Plaintiff and Defendants together, the "Parties") in the above-referenced adversary proceeding (the "Adversary Proceeding"), with (b) the administrative expense claims asserted by HCMFA and NexPoint against Highland in the *Application for Allowance of Administrative Claim* [Main Docket No. 1826];[2] and the Court having held an evidentiary hearing on April 12 and 13, 2022 (the "Trial") and considered (a) Defendants' arguments and contentions set forth in the *Advisors' Trial Brief* [AP Docket No. 90]; (b) Plaintiff's arguments and contentions set forth in *Highland's Proposed Findings of Fact and Conclusions of Law* [AP Docket No. 91]; (c) the *Joint Pretrial Order* [AP Docket No. 96] filed by the Parties; (d) the exhibits admitted into evidence during the Trial [AP Docket No. 115]; (e) the credibility of the witnesses who testified during the Trial; (f) the arguments presented by counsel during closing arguments held on April 27, 2022; and (g) all prior proceedings arising in or concerning the claims asserted in the Adversary Proceeding, and for the reasons set forth in the *Findings of Fact and Conclusions of Law in Support of Judgment: (A) Granting Breach of Contract Claims Asserted by the Reorganized Debtor; and (B) Denying Defendants' Request for Allowance of Administrative Expense Claims* [AP Docket No. 124] (the "Findings") issued by the Court on August 30, 2022; the Court hereby enters the following final judgment (the "Final Judgment").

      **IT IS ORDERED, ADJUDGED, AND DECREED** as follows:

---

[2] *See Stipulation (A) Amending Scheduling Order and (B) Consolidating and Resolving Certain Matters*, Adv. Pro. No. 21-03010-sgj, Docket No. 36 (references to the docket maintained in the Adversary Proceeding are hereafter referred to as "AP Docket No. __").

1. HCMFA owes Highland the aggregate sum of $1,756,000, and Highland shall have a money judgment against HCMFA in that amount.

2. NexPoint owes Highland the aggregate sum of $840,000, and Highland shall have a money judgment against NexPoint in that amount.

3. All relief requested by the Defendants in the *Application for Allowance of Administrative Claim* [Main Docket No. 1826], including with respect to (i) all alleged overpayments and (2) all alleged breaches of contract by Highland, is denied and all claims that were asserted or could have been asserted therein are dismissed with prejudice.

4. The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of this Final Judgment, at a rate of 3.48 percent. Interest shall be computed daily to the date of payment, except as provided in 28 U.S.C. § 2516(b) and 31 U.S.C. § 1304(b), and shall be compounded annually.

### END OF JUDGMENT ###