Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
Julian P. Vasek, Esq.
Texas Bar No. 24070790
MUNSCH HARDT KOPF & HARR P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75201
(214) 855-7500

COUNSEL FOR HIGHLAND CAPITAL MANAGEMENT
FUND ADVISORS, L.P. AND NEXPOINT ADVISORS, L.P.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.<br><br>    Debtor. | § § § § § § § | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>    Plaintiff,<br><br>v.<br><br>HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P. and NEXPOINT ADVISORS, L.P.,<br><br>    Defendants. | § § § § § § § § § § § § § § | Adv. No. 21-03010-sgj |

**STATEMENT OF ISSUES ON APPEAL
OF NEXPOINT ADVISORS, L.P. AND
<u>HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.</u>**

COME NOW NexPoint Advisors, L.P. and Highland Capital Management Fund Advisors, L.P. (together, the "<u>Appellants</u>") and, with respect to their *Joint Notice of Appeal*, hereby file this *Statement of Issues on Appeal* as follows:

The Statement of Issues in this Appeal, with respect to that certain *Judgment* the subject of this Appeal, are:

1. Whether the Bankruptcy Court erred as a matter of law by reviewing and relying on inadmissible extraneous and parol evidence to construe the Payroll Reimbursement Agreements as providing for flat fees, as neither agreement was ambiguous, and in construing Highland's performance under the Agreements.

2. Whether the Bankruptcy Court erred as a matter of law in construing the Payroll Reimbursement Agreements as providing for "actual cost" based on a set monthly amount subject to notice and agreed modification rather than the real "actual cost" for any given period based on the actual "dual employees," including by deciding that the Payroll Reimbursement Agreements provided no affirmative duty or mandatory obligation on Highland to adjust said amounts.

3. Whether the Bankruptcy Court erred as a matter of law in construing the amendments to the Payroll Reimbursement Agreements as made for the "purpose of funneling" money to Highland and receiving tax benefits, as opposed to what the documents say they are, including the Bankruptcy Court's resort to inadmissible extraneous and parol evidence.

4. Whether, if extraneous and parol evidence was admissible, the Bankruptcy Court erred in construing that evidence as demonstrating (i) that the Payroll Reimbursement Agreements were "flat fee" agreements; (ii) that the Appellants intended the Payroll Reimbursement Agreements to be "flat fee" agreements; (iii) that the Appellants' knew of the amount of each payment at the time each payment was made and that Appellants made such payments with knowledge that such payments were in excess of the relative value of services provided; and (iv) that Highland was performing under the Agreements.

5. Whether the Bankruptcy Court erred in finding that the Appellants never made a request to modify the amounts payable under the Payroll Reimbursement Agreements such that

Highland was required to negotiate the modification in good faith, and erred in finding that Highland did not fail to so negotiate in good faith.

6. Whether the Bankruptcy Court erred in not finding that Highland, pursuant to contracted services the Appellants were paying Highland for, was under a duty to inform the Appellants of potential overpayments under the Payroll Reimbursement Agreements and to trigger any modification to amounts payable under the same, which duty it breached.

7. Whether the Bankruptcy Court erred in finding that the Appellants waived their claims for overpayments on all four contracts under the facts and under the law, including in light of anti-waiver provisions. While the Bankruptcy Court found that it did not need to decide the issue of the voluntary payment rule, that decision, or lack thereof, is included as an issue on appeal only to preserve rights in case the District Court considers affirming the Judgment on that basis.

8. Whether the Bankruptcy Court erred in finding that the Appellants did not overpay Highland for services under the Shared Services Agreements that Highland was no longer providing and for which the Appellants had to hire others and pay for cover.

9. Whether the Bankruptcy Court erred in denying the Appellants' administrative claims under the Bankruptcy Code in light of postpetition overpayments, both under the respective contracts and, additionally or separately, under general principles of equity irrespective of the contracts, given the overwhelming evidence that Highland charged the Appellants, and the Appellants paid, large amounts postpetition for services that Highland did not actually provide to the Appellants, especially in light of the fact that Highland owed fiduciary duties to the estate and its creditors and that Highland owed various contracted duties to the Appellants.

10. Whether the Bankruptcy Court erred in finding that the Appellants breached the contracts and awarding Highland damages for breach of the four contracts, including because

Highland was not providing the services for which it sought compensation and because Highland committed a first material breach of the agreements.

11. Whether the Bankruptcy Court erred in finding that the Appellants breached the contracts and awarding Highland damages for breach of the four contracts for a period after the Appellants informed Highland that amounts payable thereunder needed to be modified, thus triggering an obligation to negotiate the same in good faith, which Highland failed to do.

12. Whether the Bankruptcy Court erred in awarding Highland damages for breach of the four contracts when Highland failed to offer evidence of its actual damages.

RESPECTFULLY SUBMITTED this 2d day of October, 2022.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ *Davor Rukavina*

Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
500 N. Akard Street, Suite 3800
Dallas, Texas  75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
Email: drukavina@munsch.com
Email: jvasek@munsch.com

**ATTORNEYS FOR NEXPOINT ADVISORS, L.P. AND HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.**

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that, on the 2d day of October, 2022, true and correct copies of this document were electronically served via the Court's CM/ECF system on all parties entitled to such notice, including counsel for the appellee.

By: /s/ *Davor Rukavina*
Davor Rukavina, Esq.