

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed October 11, 2022

_____
United States Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | § § § § | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| Debtor. | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Adv. No. 21-03010-sgj |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P. and NEXPOINT ADVISORS, L.P., | § § § § § | |
| Defendants. | § | |

**AGREED ORDER CONDITIONALLY STAYING JUDGMENT PENDING APPEAL**

CAME ON FOR CONSIDERATION the *Defendants' Agreed Motion for Stay Pending Appeal* (the "Motion"), filed by NexPoint Advisors, L.P. ("NexPoint") and Highland Capital Management Fund Advisors, L.P. ("HCMFA," together with NexPoint, the "Defendants"),

whereby the Defendants seek to stay the collection of the *Judgment* (Adv. Pro. No. 21-03010, Docket No. 126) (the "Judgment") entered against them in this Adversary Proceeding pursuant to Federal Rule of Civil Procedure 62(b), made applicable through Federal Rule of Bankruptcy Procedure 7062 ("Rule 62"). Having considered the Motion and the agreement of Highland Capital Management, L.P. (the "Plaintiff") to the relief requested in the Motion, it is hereby:

ORDERED that the Motion is GRANTED as provided for herein; it is further

ORDERED that the Judgment is conditionally stayed as to each Defendant (the "Stay"), provided that each Defendant does one of the following to secure the Judgment (the "Security") by October 7, 2022: (i) posts, and files on the docket of this Adversary Proceeding, a supersedeas bond with a bona fide, third-party surety naming the Plaintiff as the sole beneficiary, which includes supersedeas bonds from Arch Insurance Company; or (ii) deposits cash into the Registry of the Court, under either scenario in the following amounts:

(a)   as to NexPoint, the Judgment amount of $840,000, plus two years of interest at the Judgment rate (3.48%), or $58,464, for a total amount of **$898,464.00**, and

(b)   as to HCMFA, , the Judgment amount of $1,756,000, plus two years of interest at the Judgment rate (3.48%), or $122,217.60, for a total amount of **$1,878,217.60**,

*provided, however,* that, for the Stay to extend past March 14, 2024, then, on or before such date, each of the Defendants shall post additional Security (either through an original or supplemental supersedeas bond or through depositing additional funds) in an amount equal to twelve months' of additional interest at the federal post-judgment interest rate in effect on March 14, 2024 (the "Additional Security") and, if the Defendants fail to timely post such Additional Security, then the Stay shall terminate on March 15, 2024 (unless terminated sooner by further order of the Court); it is further

ORDERED that, if either Defendant fails to post the Security by October 7, 2022, then the Stay shall terminate at 12:01 a.m. on October 8, 2022, and the Plaintiff may collect on the Judgment as against the defaulting Defendant(s); it is further

ORDERED that, if the Defendants elect to deposit funds into the Registry of the Court as the Security, the Clerk of the Court is directed to accept such funds into the Registry of the Court and to file on the docket of this Adversary Proceeding one or more receipts evidencing such deposit; it is further

ORDERED that, provided the Defendants otherwise satisfy all requirements for the Stay, the Stay shall continue for fourteen (14) days after the District Court issues its mandate and, if a further appeal is filed to the United States Court of Appeal for the Fifth Circuit, for fourteen (14) days after that court issues its mandate; it is further

ORDERED that the Court shall retain jurisdiction to the maximum extent possible over this Order, including to order the distribution of any funds held in the Registry of the Court, including to the Plaintiff upon the expiration of the Stay, and to compel any surety on a supersedeas bond to pay such bond to the Plaintiff.

### END OF ORDER ###

**AGREED:**

| **MUNSCH HARDT KOPF & HARR, P.C.**<br><br>By: /s/ Davor Rukavina<br>Davor Rukavina, Esq.<br>Texas Bar No. 24030781<br>Julian P. Vasek, Esq.<br>Texas Bar No. 24070790<br>3800 Ross Tower<br>500 N. Akard Street<br>Dallas, Texas 75202-2790<br>Telephone: (214) 855-7500<br>Facsimile: (214) 978-4375<br>drukavina@munsch.com<br>jvasek@munsch.com<br><br>**ATTORNEYS FOR NEXPOINT ADVISORS, L.P. AND HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.** | **PACHULSKI STANG ZIEHL & JONES LLP**<br><br>By: /s/ John A. Morris (*w/ permission*)<br>Jeffrey N. Pomerantz (CA Bar No. 143717)<br>Ira D. Kharasch (CA Bar No. 109084)<br>John A. Morris (NY Bar No. 266326)<br>Gregory V. Demo (NY Bar No. 5371992)<br>Hayley R. Winograd (NY Bar No. 5612569)<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-6910<br>Facsimile: (310) 201-0760<br>Email: jpomerantz@pszjlaw.com<br>　　　　ikharasch@pszjlaw.com<br>　　　　jmorris@pszjlaw.com<br>　　　　gdemo@pszjlaw.com<br>　　　　hwinograd@pszjlaw.com<br><br>**ATTORNEYS FOR HIGHLAND CAPITAL MANAGEMENT, L.P.** |